Myrtle T. THOMPSON, Appellant,

v.

Frank L. THOMPSON, Individually and as Trustee, et al., Appellees.

No. 15996.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 16, 1972.

Sidney Farr, Tom Fillion, Houston, for appellant.

Wilson & Guest, Austin C. Wilson, William F. Guest, Houston, for appellees Arthur Young & Co. and Gordon S. Moore.

Briscoe & Shaffer, Frank Briscoe, Houston, for appellees Frank L. Thompson, Individually and as Trustee, and Margaret Thompson.

BELL, Chief Justice.

This is an appeal from an order sustaining pleas of privilege filed by Frank L. Thompson, Individually and as Trustee, and Margaret Thompson. The case as to them was transferred to Midland County.

Appellant was the primary beneficiary of a trust created by her husband who is now deceased. The trust was created in 1957. In November 1971, appellant sued Texas Commerce Bank National Association and Frank Thompson as trustees. The suit against the trustees sought to require the trustees to pay her $3,500.00 per month. It is alleged the trustees paid her nothing until November 1970 and then began paying her only $1,000.00 per month. She also sought recovery of $120,000.00 in damages, this representing the amount that should have been paid her at the monthly rate of $3,500.00.

Joined with this cause of action against the trustees was a cause of action against Frank L. Thompson, individually, Margaret Thompson, Gordon S. Moore and Arthur Young and Company, a general partnership. All parties other than Frank and Margaret are residents of Harris County. Frank and Margaret are children of appellant and remaindermen under said trust. It is alleged that there was a conspiracy between these four defendants to obtain from appellant a gift to Margaret and Frank in equal shares of 1444 shares of stock in A. W. Thompson, Inc., a large drilling company built up by appellant's husband. Moore, a long time accountant for appellant and her trusted and confiden-

tial advisor, was the spokesman for the alleged conspirators. In the latter part of 1968 or the first part of 1969, appellant was persuaded to make the gift. Moore allegedly told appellant this gift would be advantageous because it would result in an estate tax savings in case of her death. It is alleged that this representation was false. He made no other explanation. No one told her she would have to pay a gift tax. The tax was $30,008.03. She had to sell some of her property to pay the tax. Moore failed to tell her that when she transferred the stock she would no longer receive a $1,000.00 monthly salary from A. W. Thompson, Inc. As a result of the false representations and acts of nondisclosure she made the gift. She seeks rescission of the gift and damages of $120,000.00. Alternatively, if the gift is not cancelled and rescinded, she seeks actual damages of $300,000.00 and a like amount for punitive damages.

On December 22, 1971, the Houston attorney for Frank and Margaret Thompson filed a separate plea of privilege for each. Transmittal letters, transmitting a copy of each plea of privilege, were sent in one envelope to Mr. Fillion, appellant's attorney, at his address shown on the plaintiff's petition. The letters were sent registered mail, return receipt requested. A receipt for said letters was signed by "N. Goodwin." It is dated December 23, 1971. There is no evidence showing when the letters were deposited in the mails.

On January 5, 1972, appellant filed a controverting plea to each plea of privilege and on the same day the trial court set a date for hearing on February 28. Service was made on January 12, 1972, by the mailing to appellees' counsel, by certified mail, of a copy of each controverting plea. The controverting pleas assert venue is maintainable under Article 1995, Subdivisions 7, 4, 23 and 29a, Vernon's Ann.Tex. St.

On February 28, appellant filed a motion under Rule 5, asking for an extension of

time in which to file the controverting pleas, asserting good cause for failure to file in that the appellant's attorney did not receive the copies of the pleas of privilege until on or about January 5.

The trial court, after hearing, denied the motion and sustained the pleas of privilege. Appellant gave notice of appeal.

The trial court made findings of fact. They are in substance as follows:

1. The pleas of privilege were filed December 22.

2. Copies of said pleas were served on plaintiff's attorney of record.

3. Service was perfected by registered mail, return receipt requested, addressed to the attorney at the address shown on Plaintiff's Petition.

4. The return receipt shows delivery to have been on December 23, 1971.

5. Plaintiff filed controverting affidavits on January 5, 1972, without leave of court.

6. Plaintiff failed to show good cause for late filing.

The court concluded it had no jurisdiction other than to transfer the case to Midland.

Appellees take the position that appellant is appealing from the court's order refusing an extension of time and such is not an appealable order. They also urge that no controverting affidavit having been filed the court only has jurisdiction to sustain the pleas of privilege.

■ If no controverting plea is timely filed, it may not thereafter be filed as a matter of right. However the court loses jurisdiction only to the extent it may make no rulings relating to the merits of the main case. It still has jurisdiction to pass upon a motion to allow a tardy filing of the controverting plea based upon a showing of good cause. This relates to the plea of privilege and not the main case. Tex-

as-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978 (Tex.Com.App.), opinion adopted.

■ Appellees' contention that the appeal should be dismissed because there is no appealable order is overruled. The appeal is from an order sustaining pleas of privilege. It is not an appeal from an order denying an extension of time. The appellant asserts it was error to sustain the pleas of privilege because she timely filed her controverting pleas, or if she did not she showed good cause for tardy filing. This is the effect of the following cases: City of Orange v. State ex rel. City of Pt. Arthur, 450 S.W.2d 722 (C.C.A.—Beaumont), n. w. h.; Reed v. Garlington, 233 S.W.2d 185 (C.C.A.—Eastland), n. w. h.; Gulf Refining Co. v. Needham, 233 S.W.2d 919 (C.C.A.—Eastland), n. w. h.

■ We are of the view that the controverting plea was timely filed on January 5, 1972.

Rule 86, T.R.C.P., provides in part that a copy of the plea of privilege shall be served on the party or his attorney of record by actual delivery in person to him or by mailing a copy of such pleading to him by registered mail, return receipt requested. It then provides for the filing of a controverting plea to be filed within 10 days after the receipt by the party of a copy of the plea of privilege.

Rule 21a provides in part that every notice required by the rules of civil procedure other than citation and except as otherwise expressly provided in the rules, may be served by delivery of a copy of the notice or documents to be served to the party or his attorney of record or by registered mail. Service is complete, where the mail is employed, if it is properly addressed and stamped, when deposited in the United States mail. Then it is provided that "whenever a party has a right or is required to do some act . . . within a prescribed period after the service . . . and the notice or paper is served

upon him by mail, three days shall be added to the prescribed period."

Rule 4, T.R.C.P., provides in part that in computing any period of time prescribed or allowed by these rules or any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included.

 These rules must all be construed together. Under the facts of this case the earliest possible date of service is December 23. Excluding this day appellant under Rule 21a would have 13 days thereafter in which to file her controverting plea. The thirteenth day would be January 5, 1972.

 We conclude that if an extension of time to file was necessary, the clear uncontradicted testimony shows good cause.

In the hearing on the motion for leave to file the controverting plea counsel for appellant at the time the plea of privilege was filed testified. The testimony reflects that the witness was appellant's only counsel until Mr. Farr on January 5 drew the controverting pleas. He practiced law alone. He had no secretary. His office was on the second floor of the Lamar Towers, a combination high rise apartment and office building. He was in Houston until December 23. He was out of the office during the Christmas holidays. He then went to Atlanta, Georgia and to west Texas. He was in Houston January 1, 2, 3 and 4. He went to his office on each day. The notice of the plea of privilege was not in his office. Mail is delivered to his box on the first floor. Normally when registered mail is delivered and he is not available to sign a receipt, the postman leaves a notice in the mail box. When he gets the notice he goes to the post office to pick up the registered item. There was no such notice given him. On January 4 at some time after 3:30 p. m., he went to the mail box and found a note that some stationery had been delivered to the building office for him. On getting the stationery he was asked if he had received the registered let-

ter. When he answered he had not it was given to him. He then called Mr. Farr about filing the controverting pleas. It was too late to draw the pleas and file them before the clerk's office would close. The return receipt had been signed by "N. Goodwin". He did not know who N. Goodwin was. Goodwin had no authority to sign for him. The attorney did not check at the court house. We think in the light of the provisions in the rules for service of notice there was no duty to check at the clerk's office.

Mr. Farr confirms that he was employed when it was necessary to file a controverting plea and he learned of this necessity too late to prepare the pleas so as to file them January 4.

The cause is reversed and remanded with instructions to hear the pleas of privilege on their merits.