**Louita D. WILSON, Guardian, Appellant-Appellee,**

v.

**The GROOS NATIONAL BANK OF SAN ANTONIO, Texas, Appellee-Appellant.**

No. 906.

Court of Civil Appeals of Texas, Tyler.

March 11, 1976.

Joel H. Pullen, Tinsman & Houser, Inc., San Antonio, for appellant-appellee, Louita D. Wilson, guardian.

William L. Morrow, Stiernberg, Skaggs & Koppel, Harlingen, Groce, Locke & Hebdon, San Antonio, for appellee-appellant, Groos Nat. Bank.

MOORE, Justice.

This is an appeal from an order of the trial court overruling in part and sustaining in part defendant's plea of privilege to be sued in Bexar County.

On January 29, 1974, plaintiff, Louita D. Wilson, as Guardian of the Estate of Braddie G. Lowe, brought suit in the 63rd District Court, Val Verde County, Texas, against defendant, Groos National Bank, the former guardian of Braddie G. Lowe's estate. On February 27, 1974, defendant mailed its plea of privilege to plaintiff by registered mail, return receipt requested. The plea was not filed with the District Clerk until the following day, February 28, 1974. The bank alleged that no exception to the exclusive venue statute [1] existed and that it was entitled to be sued in Bexar County, the county of its residence. The attorney for plaintiff admits that he received a copy of defendant's plea of privilege in the mail on February 28, 1974. Plaintiff's controverting affidavit was not filed until March 13, 1974, some three days after the ten-day period allowed by Rule 86, Texas Rules of Civil Procedure. On May 15, 1975, the trial court, after a hearing before the court, without the aid of a jury, entered an order granting in part and overruling in part defendant's plea of privilege. The court ordered a portion of the cause against the bank to be transferred to Bexar County, and after a severance of that portion, overruled the bank's plea as to the remainder of plaintiff's suit holding that venue over that portion of the case was properly laid in Val Verde County. Both plaintiff and defendant perfected appeals to this court.

Defendant, Groos National Bank, takes the position that it was entitled to have the entire cause transferred to Bexar County on the ground that plaintiff's controverting affidavit was not timely filed in accordance with Rule 86, supra. We agree with defendant's contention.

1. Article 1995, Vernon's Ann.Texas Statute.

Rule 86, supra, provides that a party contesting a plea of privilege must file a controverting affidavit in response thereto "within ten days after he or his attorney of record received the copy of the plea of privilege." The record shows without dispute that plaintiff's attorney received the copy of defendant's plea of privilege on February 28, 1974, and that the controverting affidavit was not filed until March 13, 1974. Thus, the controverting affidavit was filed 13 days after plaintiff received a copy of the plea of privilege rather than within the ten-day period provided by Rule 86.

Plaintiff seeks to sustain the judgment on the ground that she timely filed a sworn motion for extension of time in which to file her controverting affidavit. While plaintiff did file such a motion attempting to establish good cause for the late filing, the record is before us without a statement of facts or findings of fact and conclusions of law. In these circumstances we are not in a position to determine whether any proof of good cause was presented. The mere allegation in a verified motion alleging good cause for an extension of time to file the controverting affidavit is not sufficient; such facts must be established by extrinsic evidence. *Poston Feed Mill Company v. Leyva,* 438 S.W.2d 366, 369 (Tex.Civ.App.—Houston (14th Dist.) 1969, writ dism'd). Absent extrinsic proof of good cause excusing the late filing, the plea of privilege must be sustained and the entire cause transferred to Bexar County. *LPG, Inc. v. Development Associates, Inc.,* 498 S.W.2d 736, 737 (Tex. Civ.App.—El Paso 1973, no writ); *Bond v. Lewis,* 496 S.W.2d 181, 184 (Tex.Civ.App.—Waco 1973, no writ); *Poston Feed Mill Company v. Leyva,* supra.

Plaintiff further seeks to sustain the judgment on the ground that her attorney received the copy of the plea of privilege by mail rather than by actual delivery in person and therefore she is entitled to an additional three days, pursuant to Rule 21a, Texas Rules of Civil Procedure. Rule 21a provides, in part that "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." In view of the specific mandate of Rule 86 requiring the controverting plea to be filed within ten days after it has been "received," we do not believe Rule 21a applies. Rule 86 does not require a party desiring to contest a plea of privilege to take action within ten days of service of the plea of privilege. The rule requires no action at all until the plea of privilege is actually "received" by the adverse party. The rule clearly provides that the controverting plea must be filed within ten days after the plea of privilege is "received."

Where the controverting plea is not timely filed, the trial judge has authority only to enter an order transferring the cause to the county of the residence of the defendant. *Alley v. Ponca Wholesale Mercantile Co.,* 360 S.W.2d 870, 871 (Tex.Civ. App.—Amarillo 1962, no writ); *Cowan v. State,* 356 S.W.2d 170, 172 (Tex.Civ.App.—Austin 1962, writ dism'd); *Terrell v. Vandergriff,* 351 S.W.2d 910, 911 (Tex.Civ.App. —Amarillo 1961, no writ). In order to extend the trial court's jurisdiction beyond the ten-day period allowed by the rule, appellee had the burden of proving good cause existed. In the absence of a statement of facts the record fails to show good cause existed. Consequently, the trial court was without power to overrule the bank's plea of privilege after the expiration of the ten-day period and as a result the bank was entitled to have the entire cause transferred to Bexar County.

Accordingly, the judgment of the trial court is reversed and judgment is hereby rendered transferring the entire cause to the District Court of Bexar County, Texas.