**M. A. SANCHEZ, Jr., et al., Appellants,**

v.

**LEWIS REFRIGERATION CO., Appellee.**

**No. 17120.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 1, 1978.

O'Leary, Sanchez & Benton, Robert A. Whittington, Brownsville, for appellants.

Harris & Graul, Howard A. Lang, Jr., Houston, for appellee.

EVANS, Justice.

Plaintiff, Lewis Refrigeration Company, brought this action against the defendants, M. A. Sanchez, Jr., Jane Doe Sanchez, and Progressive Sea Products, Inc., in the District Court of Harris County, Texas, seeking enforcement of a default judgment entered by the Superior Court of the State of Washington, awarding a recovery in the sum of $34,810.24 plus $1,000.00 attorney's fees. The trial court entered an order overruling the defendants' plea of privilege, and in one point of error the defendants contend the trial court lacked jurisdiction to determine the venue matter because the plaintiff failed to timely file its controverting plea.

The record on appeal consists only of a transcript which shows that the defendants' plea of privilege was filed on October 28, 1976 and that the plaintiff's controverting affidavit was filed on November 29, 1976, some 32 days later. A controverting affidavit ordinarily must be filed on behalf of the plaintiff within 10 days after he or his attorney of record receives a copy of the plea of privilege. Rule 86, Texas Rules of Civil Procedure; McDonald, Texas Civil Practice, Vol. 1, § 4.48, pp. 589 et seq.

The certificate of service affixed to the defendants' plea of privilege reflects that a copy of the plea was mailed to the plaintiff's counsel on October 7, 1976. Thus, if the defendants' plea of privilege then had been on file, the plaintiff would have had thirteen days after being served with a copy of the plea in which to file its controverting affidavit. Rule 21a, T.R.C.P.; *Thompson v. Thompson,* 487 S.W.2d 436 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ).

A plaintiff is not required to controvert a plea of privilege until he receives appropriate notice of the plea of privilege. *Ross v. Katy Employees Credit Union,* 430 S.W.2d 49, 52 (Tex.Civ.App.—Dallas 1968, no writ). This notification is usually accomplished by sending a copy of the *filed* plea of privilege to the plaintiff. Where, as in the case at bar, a copy of an unfiled plea of privilege is sent to the plaintiff, the time for filing a controverting plea does not begin to run until the plaintiff receives notification that the plea of privilege has been filed. To hold otherwise would place an unreasonable and onerous burden on the plaintiff to make continuous inquiry of the court as to whether the plea of privilege had, in fact, been filed.

Even if the controverting affidavit had not been timely filed, the trial court was authorized to extend the time for filing the plaintiff's controverting affidavit upon a showing that the plaintiff had a reasonable excuse for the late filing. Rule 5, Texas Rules of Civil Procedure; *Texas-Louisiana Power Co. v. Wells,* 121 Tex. 397, 48 S.W.2d 978 (Tex.1932); *Perkins v. Super-Cold Southwest Co.,* 241 S.W.2d 311 (Tex.Civ. App.—Dallas 1951, writ dism'd). In the absence of a statement of facts, it will be presumed in support of the trial court's judgment that a proper showing was made and that a reasonable excuse was found. *Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363 (1945); *McCarter v. Ransom,* 473 S.W.2d 235 (Tex.Civ.App.— Corpus Christi 1971, no writ). Although it was the plaintiff's burden to make such showing, it was the defendants' appellate burden to bring forward a record of the proceedings in the trial court if the plaintiff failed to meet its burden. The facts of the case at bar are distinguishable from *Poston Feed Mill Co. v. Leyva,* 438 S.W.2d 366 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd), where it appears that the record before the reviewing court affirmatively established that no evidence of good cause had been offered or received in the trial court.

The trial court's order overruling the defendants' plea of privilege is affirmed.