**L. O. BENTLEY, Individually and Bentley and Associates, Inc., Appellants,**

v.

**RIO GRANDE DEVELOPMENT GROUP, Appellee.**

No. 18309.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 30, 1980.

Bradley & Lummus and Terry W. Bradley, Cleburne, for appellants.

Law, Snakard, Brown & Gambill, and Michael T. Watson, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a venue case. The trial court has overruled the defendants' plea of privilege.

We reverse and render.

Plaintiff Rio Grande Development Group sued defendants L. O. Bentley, individually, and Bentley Associates, Inc., in Parker County for damages. Both defendants (hereafter referred to for convenience as Bentley) filed a joint plea of privilege to be sued in Johnson County. This plea was filed at 8:30 a. m. on July 13, 1979. A copy of the plea of privilege was received by the law librarian of the attorney of record for Rio Grande Development Corporation (Rio Grande) on the same day it was filed. No transmittal letter of any kind was sent to the attorney, and there was no indication that the plea of privilege had been or would be filed with the clerk of the court. The plea of privilege contained a certificate stating that it had been mailed to the opposing attorney's office on July 12, 1979, return receipt requested.

The law librarian for the attorney representing plaintiff, Rio Grande Development Group, who was employed on a pro rata basis by eight firms sharing a central law library, signed the certified mail receipt on July 13, 1979, and forwarded the plea of privilege to the individual attorney handling the Rio Grande case. This attorney received the copy of the plea of privilege from the librarian on July 16, 1979.

On July 25, 1979, more than ten days after the plea of privilege was filed, Rio Grande filed its controverting affidavit. On July 26, 1979, Bentley filed a motion to transfer, asserting that no controverting affidavit had been filed as required by Tex.R. Civ.P. 86. This motion was also received and signed for by the same law librarian who had received the plea of privilege copy.

A hearing on the controverting affidavit was held on August 28, 1979, and the court on October 3, 1979, signed the order, which stated that the controverting affidavit had been timely filed, and, furthermore, that Rio Grande had demonstrated good cause for any delay in filing. Findings of fact and conclusions of law were filed. After a hearing on October 31, 1979, the plea of privilege was overruled, and the order retaining venue of the suit in Parker County was signed November 28, 1979. Bentley has appealed from this order.

■ Two points of error are presented on appeal. We sustain both of them. By the first, Bentley asserts that the trial court erred in denying the motion to sustain the plea of privilege. Rio Grande asserts that the controverting affidavit was timely filed because under Tex.R.Civ.P. 21a, three additional days are permitted when served by mail. Although there are cases reflecting a contrary view, notably *Sanchez v. Lewis Refrigeration Co.*, 568 S.W.2d 410 (Tex.Civ. App.–Houston [1st Dist.] 1978, no writ) and *Thompson v. Thompson*, 487 S.W.2d 436 (Tex.Civ.App.–Houston [1st Dist.] 1972, no writ), we find the reasoning of the court in

*Wilson v. Groos Nat. Bank of San Antonio,* 535 S.W.2d 374 (Tex.Civ.App.–Tyler 1976, no writ), in the interpretation of time limits under Tex.R.Civ.P. 86 applicable and persuasive. That court stated:

"In view of the specific mandate of Rule 86 requiring the controverting plea to be filed within ten days after it has been '*received*,' we do not believe Rule 21a applies. Rule 86 does not require a party desiring to contest a plea of privilege to take action within ten days of service of the plea of privilege. The rule requires no action at all until the plea of privilege is actually '*received*' by the adverse party. The rule clearly provides that the controverting plea must be filed within ten days after the plea of privilege is '*received*.'" 535 S.W.2d 376. (Emphasis ours.)

We hold that the rule means exactly what it says. The ten day limitation begins to run at the time the copy of the plea of privilege is actually received. We do not believe that Tex.R.Civ.P. 21a, which provides three additional days' when "service" is made by mail, should be construed with Tex.R.Civ.P. 86. The crucial date for service is when the papers are placed in the mail. A plaintiff who receives a copy of a plea of privilege should not be entitled to an additional three days simply because the defendant chooses to mail the copy of the plea of privilege rather than to deliver it by some other means.

■ Receipt of the plea of privilege occurs when the agent of the attorney of record actually receives the copy. In this case, the law librarian who signed for the certified mail delivery of the plea of privilege also signed for the certified mail delivery of the motion to transfer. To hold the opposing party accountable for the office procedures and practices of the party seeking to controvert the plea of privilege would be unreasonable and illogical. The copy of the plea of privilege was received by the attorney of record when it was signed for by his agent, the law librarian. No claim of mistake on the part of the post office or of unusual circumstances has been raised. The mail was correctly directed to the firm listed as the attorney of record.

■ We hold that the plea of privilege was received on July 13, 1979, and that there was therefore no timely filing of a controverting affidavit. When no affidavit is filed within the time required by law (and no extension is granted under Tex.R. Civ.P. 5), the defendant is entitled to have the plea of privilege sustained. *Cowan v. State,* 356 S.W.2d 170 (Tex.Civ.App.–Austin 1962, writ dism'd). See also *Durrett v. Artic Air, Inc.,* 319 S.W.2d 937 (Tex.Civ.App.–Houston 1959, no writ).

■ Appellee Rio Grande asserts that the trial court correctly ruled in its favor because it had no notice that the plea of privilege had been filed. The plea was mailed to the clerk of the court for filing the same day that it was mailed to the opposing party's attorney of record, but their was nothing in the material sent to the attorney to indicate that the plea was indeed being filed.

The filing date has been considered in at least two cases involving interpretation of Tex.R.Civ.P. 86. In both *Sanchez v. Lewis Refrigeration Co., supra,* and *Texas Cemeteries, Inc. v. Williams,* 459 S.W.2d 876 (Tex.Civ.App.–Waco 1970, no writ), the court considered the date of filing as the crucial time. In *Sanchez,* the court stated:

"Where, as in the case at bar, a copy of an unfiled plea of privilege is sent to the plaintiff, the time for filing a controverting plea does not begin to run until the plaintiff receives notification that the plea of privilege has been filed. To hold otherwise would place an unreasonable and onerous burden on the plaintiff to make continuous inquiry of the court as to whether the plea of privilege had, in fact, been filed." 568 S.W.2d at 411.

In *Texas Cemeteries, supra,* the court simply held that receipt of a copy of the plea of privilege prior to its being filed could not result in the plaintiff having fewer than ten days from the actual filing date in which to file his controverting affidavit.

Neither of these authorities specifically answers the questions raised in the present case. Here the filing date and the date of receipt are the same, and Rio Grande has never taken the position that it did not know that the plea had in fact been filed— just that due to the office procedures following by Rio Grande's attorney of record, it assumed that it had ten days from July 16, 1979, in which to file its controverting affidavit, and furthermore, that even if it did not, Rio Grande was entitled to a thirteen-day time period under the service by mail provisions discussed above. Rio Grande also contends that even if the controverting affidavit was filed late, the delay was justified for good cause because Bentley's attorney did not address the mail in a way convenient for Rio Grande's law firm to sort.

Realizing that in the instant case, both parties could have taken steps to prevent this situation from arising (Bentley's attorney by enclosing a copy of the transmittal letter to the clerk asking that the plea of privilege be filed, or by enclosing a copy of the plea which had been stamped as filed; and Rio Grande's attorney by instituting office procedures so that he would be aware of when mail was received), we hold that under the facts of this case, the controverting affidavit was not timely filed, and that because it was not timely filed, transfer of the suit to Johnson County should have been ordered.

The judgment of the trial court is reversed, and the case is ordered transferred to Johnson County.