**Paul Moody STRINGER, III, Appellant,**

v.

**CENTRAL FREIGHT LINES, INC., and Joseph Lee Flores, Appellees.**

No. 01–82–0699–CV.

Court of Appeals of Texas, Houston (1 Dist.).

Sept. 1, 1983.

Donald Mills, Houston, for appellant.

Daniel Lichty, Houston, for appellees.

Before DUGGAN, WARREN and DOYLE, JJ.

OPINION

DUGGAN, Justice.

This is an appeal from an order sustaining pleas of privilege. Paul Moody Stringer, III, sued Central Freight Lines, Inc., and its driver, Joseph Flores, for damages to Stringer's automobile resulting from a collision with a Central Freight company truck on a Houston freeway. Both defendants filed pleas of privilege to be sued in their respective counties of residence, and the plaintiff filed his controverting plea.

The trial court sustained the defendants' pleas at both a hearing and a rehearing on

the matter and entered its order transferring venue of the entire case to McLennan County. The order recites, as to each defendant, that the plaintiff filed his controverting plea "more than ten days after service of said Plea of Privilege" and did not show good cause for consideration of the "late filed controverting plea."

The defendants filed their pleas of privilege with the Harris County Clerk's office on November 18, 1981. The certificates of service indicate that copies of the pleas were forwarded to plaintiff's attorney by certified mail, return receipt requested, on that same day. The return receipt was signed by an employee of the plaintiff's attorney of record on November 20, 1981, although the record indicates that the attorney did not actually see the pleas until the next day. The plaintiff's controverting plea was filed December 1, 1981, eleven days after receipt of the defendants' pleas.

Appellant's first point of error urges that the trial court erred in sustaining appellees' pleas because appellant was not tardy in filing his controverting affidavit. As authority, he relies on the decision of this court that Rules 86 and 21a of the Texas Rules of Civil Procedure are to be construed together. *Thompson v. Thompson,* 487 S.W.2d 436 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ).

Rule 86, which specifies the requirements for asserting a party's venue rights, provides that

> a copy of such plea of privilege shall be served on the adverse party or his attorney of record by actual delivery in person to him or by mailing a copy of such pleading to him by registered mail return receipt requested. If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record receive the copy of the plea of privilege file a controverting plea....

(Vernon 1979).

Rule 21a, dealing with the proper methods of giving notice required by the rules, includes a provision that

> [w]henever a party has the right or is required to do some act or take some

proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

(Vernon Supp.1983).

In *Thompson, supra,* this court clearly stated that if service of a plea of privilege is accomplished by mail, the plaintiff has an additional three days, under Rule 21a, within which to file a controverting plea. Thereafter, in *Sanchez v. Lewis Refrigeration Co.,* 568 S.W.2d 410, 411 (Tex.Civ.App. —Houston [1st Dist.] 1978, no writ), the holding was repeated in dictum. The significant holding in *Sanchez* was that time for filing a controverting affidavit does not begin to run until a plaintiff receives notification that the plea of privilege has been filed. The court noted that a copy of the defendants' plea of privilege had been mailed to plaintiff.

> ... Thus, if the defendants' plea of privilege then had been on file, *the plaintiff would have had thirteen days after being served with a copy of the plea in which to file its controverting affidavit.* Rule 21a, T.R.C.P. (citing *Thompson* ) (emphasis added).

The appellees request that we reconsider the holding in *Thompson* in view of recent decisions by the Tyler and Fort Worth Courts of Appeal: *Wilson v. Groos National Bank of San Antonio,* 535 S.W.2d 374, 375 (Tex.Civ.App.—Tyler 1976, no writ); and *Bentley v. Rio Grande Development Group,* 607 S.W.2d 319, 320–321 (Tex.Civ.App.—Ft. Worth 1980, no writ). The Tyler Court's *Wilson* opinion notes that Rule 86 requires no action to contest a plea of privilege until the plea is actually "received" by the adverse party, but requires the controverting plea to be then filed within ten days of receipt. The opinion states

> In view of the specific mandate of Rule 86 requiring the controverting plea to be filed within ten days after it has been 'received,' we do not believe Rule 21a applies.

535 S.W.2d at 376. *Wilson* contains no reference to this court's earlier treatment of

the subject in the *Thompson* decision, and no discussion as to why Rules 86 and 21a ought not to be construed together. Neither does it discuss why the filing of a controverting affidavit should not be interpreted to be, under Rule 21a, "some act" required to be done, or "some proceeding" to be taken after a "notice or other paper" is served upon a party by mail.

The Fort Worth Court's 1980 *Bentley* decision notes the "contrary view" to *Wilson* expressed in our decisions in *Sanchez* and *Thompson,* but expresses its belief that the *Wilson* reasoning is more persuasive.

We reject appellees' request that we restrict our earlier holding and thereby lessen the time frame for filing controverting affidavits.

Appellant's first point of error is sustained.

Because appellant's second point of error is conditioned upon an unfavorable ruling against him on his first point, and we have sustained his request for relief, the second point will not be considered.

The cause is reversed and remanded with instructions to hear the pleas of privilege on their merits.