**A. COPELAND ENTERPRISES, INC. &
Popeyes Famous Fried Chicken,
Inc., Appellants,**

v.

**Charles W. TINDALL, James E.
Bradshaw & Tri-Chick, Inc.,
Appellees.**

**No. 2–84–132–CV.**

Court of Appeals of Texas,
Fort Worth.

Jan. 24, 1985.

Thompson & Knight, Timothy R. McCormick, Dallas, for appellants.

Watson, Ice, McGee, Morgan, Hughes & Liles, J. Michael Liles and James M. Whitton, Fort Worth, for appellees.

Before ASHWORTH, BURDOCK and HILL, JJ.

OPINION

BURDOCK, Justice.

Appellants, plaintiffs below, appeal the trial court's dismissal of their suit against appellees for want of prosecution.

We affirm.

Appellants, A. Copeland Enterprises, Inc. and Popeyes Famous Fried Chicken, Inc., filed suit against appellees, Charles W. Tindall, James E. Bradshaw, and Tri-Chick, Inc., on May 1, 1979, seeking recovery under a sworn account and damages for breach of a franchise agreement. In accordance with a long-standing local custom, the district clerk mails a court docket to all interested attorneys and law firms setting forth the cases set to be tried the following month. This court docket also contains a list of cases that are set to be dismissed and cases that have been dismissed. The cases on the court's docket are listed by name, number, and name of attorney or law firm representing the respective parties. The evidence revealed that the secretary from the law firm representing appellants, who was responsible for the firm's docket, received the court docket for February, 1984, on January 10, 1984. The court docket listed this case, which was circled by the secretary, as being set for dismissal on February 3, 1984, unless removed from the list by the trial judge. The March court docket was initialed by the same secretary as received on February 14, 1984, and it showed the order of dismissal for this case. This reference to the case was also circled by the secretary. The secretary testified that she never notified any of the attorneys in the firm about the court's intention to dismiss and the order of dismissal for want of prosecution because she assumed the matter had been settled since she could not match the case with a specific attorney in the firm.

Unaware of the dismissal, appellant's attorney sent a letter to the court clerk on March 30, 1984, requesting that the case be set for trial during the week of July 16, 1984. On April 5, 1984, the court clerk responded to appellant's request in a handwritten note which stated that the case had been dismissed for want of prosecution on February 3, 1984.

Appellants then filed a motion for reinstatement or, alternatively, a new trial on April 9, 1984. The trial court denied the motion on May 4, 1984, based on its conclusion that it lacked jurisdiction to reinstate the case since sixty-five days had passed between the date of the order of dismissal and the motion to reinstate. In its findings of fact, the trial court also determined that appellants' failure to appear was not intentional but was due to accident or mistake.

On appeal appellants urge three points of error contending that: (1) the trial court erred in refusing to reinstate the case because neither appellants nor their attorney received notice or had actual knowledge of the dismissal; (2) the notice of dismissal in the court docket received by the law firm was not sufficient to satisfy constitutional due process requirements; and (3) the trial court erred in refusing to reinstate the case because the court found the failure to appear was not intentional or the result of conscious indifference but was due to accident or mistake.

Our initial inquiry is whether appellants' counsel received adequate notice of the trial court's intention to dismiss the case for want of prosecution and/or the order of dismissal. In connection with that question we must also examine the meaning of the phrase "attorney of record" in terms of notice in this situation.

This case is governed by TEX.R.CIV.P. 165a which sets forth the circumstances under which a case may be dismissed for want of prosecution.[1] A case that has been dismissed for want of prosecution may be reinstated by the trial court, under rule 165a(2), any time within thirty days from the date the order of dismissal was signed if there was notice of the dismissal, or if there was no notice within twenty days after the order was signed, the trial court has thirty days from the date of actual

1. All references to rules are to the Texas Rules of Civil Procedure.

knowledge of the dismissal to reinstate the case. *Harris County v. Miller*, 576 S.W.2d 808, 810 (Tex.1979); TEX.R.CIV.P. 306a(3) and (4). If we find that appellants received notice of the order, then the time periods set forth in TEX.R.CIV.P. 306a(3) will be applicable. If we determine that appellants did not receive adequate notice of the dismissal, then rule 306a(4) must be applied.

We will address appellants' first two points of error together since they both involve the issue of notice. Appellants contend that *actual* notice or knowledge of dismissal must be furnished to the litigants and their attorney of record pursuant to rules 165a and 306a.

■ We fail to see that either rule 165a or 306a requires *actual* notice or knowledge of dismissal. Appellants rely on *Harris County*, 576 S.W.2d at 808, in support of their position that actual notice is required. The issue examined by the court in *Harris County* was whether the notice received must be notice of the court's intention to dismiss or notice of the actual order of dismissal. *Id.* at 810. Although the court speaks of actual dismissal, at no time does it state that actual knowledge is required. The court merely held that either notice of the intention to dismiss or notice of the order of dismissal within the twenty day time period is sufficient. *Id.* at 810.

We have not found any authority, either in case law or the rules of civil procedure, to support appellants' contention that actual knowledge of dismissal is required. Since we have concluded that actual knowledge of dismissal is not required, we must next determine whether the information received by the law firm's secretary was sufficient to apprise appellants of the court's intention to dismiss and the order of dismissal so as to constitute notice.

■ In support of their contention that they did not receive adequate notice, appellants rely on *Davis v. Laredo Diesel, Inc.*, 611 S.W.2d 943 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.). In *Davis*, a notice of docket call, in the form of a letter, was mailed, generally addressed, to the attorneys in the area informing them that all cases filed prior to a specific date were set to be dismissed for want of prosecution. The court held that this docket call did not provide fair notice to the attorneys because it contained no reference to the case numbers or case styles of the cases set for dismissal. *Davis*, 611 S.W.2d at 947.

We can easily distinguish *Davis* on the facts. In the instant case, both the February and March court dockets received by the law firm's secretary specifically listed the case number, case style, and the name of the firm representing appellants. In addition, the secretary, who had worked at the firm for ten years, was aware of and had circled this information. She admitted that the court docket was her responsibility and that when she had been unable to identify the attorney handling the case she just assumed it had been settled and never notified any attorney in the firm. It is also important to note that this form of notice (i.e. docket sheets) is the usual method employed by the district clerk and was not new or unfamiliar to the secretary or the law firm. Further, the secretary received two notices, a notice of intention to dismiss and notice of the order for dismissal, and so had ample opportunity to notify someone in the firm of the action being taken on this case.

We find that the docket sheets were sufficiently specific to satisfy constitutional due process requirements since it is undisputed that the notices specifically listed the case number, style, firm name, and were received by the secretary in charge of the docket. *See State v. Rotello*, 671 S.W.2d 507, 508 (Tex.1984) (plaintiffs charged with notice of court's intention to dismiss where attorney had knowledge of local rule providing for dismissal of cases over two years old). This notice was not unfair and was received within the time period for reinstatement set forth in rule 165a(2).

■ Although the notices were sufficient, the question of whether appellants' attorney of record received notice depends on our construction of the term "attorney

of record". TEX.R.CIV.P. 10 defines "attorney of record" as "one who has appeared in the case, as evidenced by his name subscribed to the pleadings or to some agreement of the parties filed in the case."

Appellants argue that this term should be strictly construed to mean the named attorney on the pleadings, rather than the law firm. The record reflects only two pleadings which were signed by appellants' counsel. The motion to reinstate listed the firm name beneath which it was signed "By (*attorney's name*)". The other instrument was a request to enter findings of fact which was signed by the attorney first and contained the name of the firm below his signature.

The facts in this case are analogous to the facts in *Bentley v. Rio Grande Development Group*, 607 S.W.2d 319 (Tex.Civ. App.—Fort Worth 1980, no writ). In *Bentley*, the certified mail receipt for a plea of privilege was signed by a law librarian who was employed by eight firms sharing the same library. This court held in *Bentley* that:

> Receipt of the plea of privilege occurs when the agent of the attorney of record actually receives the copy.... To hold the opposing party accountable for the office procedures and practices of the party seeking to controvert the plea of privilege would be unreasonable and illogical. The copy of the plea of privilege was received by the attorney of record when it was signed for by his agent, the law librarian ... The mail was correctly directed to the *firm listed as the attorney of record*. [Emphasis added.]
>
> *Id.* at 321.

Logic dictates that an attorney who enters an appearance in a lawsuit does so on behalf of his firm as well as himself. When appellants retained counsel it is reasonable to assume they retained the firm as a whole to represent their interests, not one particular attorney. Based upon the holding in *Bentley*, we find that when the secretary received and initialed the court dockets she was acting as an agent of the

law firm, which was properly listed as the attorney of record. The term "attorney of record" may include the law firm as a whole as well as individual attorneys in the firm to satisfy the requirement of "notice to the attorney of record" pursuant to rules 165a and 306a.

We find that there was adequate notice to the attorney of record so as to satisfy the provisions of rule 165a and 306a(3). Therefore, the time periods set forth in rule 306a(4) are not applicable in this situation. Appellant's counsel received notice of the court's intention to dismiss and the order of dismissal for want of prosecution within the time period set forth in rule 165a(2). Since the motion to reinstate was not filed within thirty days after the order of dismissal was signed, the trial court lacked jurisdiction to reinstate the case because sixty-five days had passed between the order of dismissal and the motion to reinstate. Appellant's first and second points of error are overruled. Based on our decision on their first two points of error, we need not discuss appellants' third point of error.

The judgment is affirmed.