Camelia Saenz MARES,
et al., Appellants,

v.

FORD MOTOR COMPANY, Appellee.

No. 04–00–00255–CV.

Court of Appeals of Texas,
San Antonio.

June 13, 2001.

R. Gary Laws, Robert J. Patterson, Ray Alexander, Patterson & Associates, Corpus Christi, for Appellant.

Jaime A. Saenz, Rodriguez, Colvin & Chaney, L.L.P., Brownsville, Kurt Kuhn, Michael W. Eady, William L. Mennucci, Brown McCarroll, L.L.P., Austin, for Appellee.

Sitting HARDBERGER, RICKHOFF and STONE, Justices.

## OPINION

HARDBERGER, Justice.

This is a products liability case arising out of an automobile accident. The case was initially tried in February of 1998. After a jury returned a verdict in favor of appellee, Ford Motor Company ("Ford"), a motion for new trial was granted, and the case was tried for a second time in November of 1999. The jury in the second trial also returned a verdict in favor of Ford, and the appellants appeal the judgment entered by the trial court based on the jury's verdict.

In their sole point of error, the appellants contend that the trial court should have excluded the testimony of Ford's expert witnesses Dr. Ed Martinez, Mr. Larry Makowski, and Dr. Juan Herrera, because Ford's response to appellants' request for disclosure was incomplete. In the event we sustain appellants' contention, Ford's brief contains two cross points, asserting: (1) the trial court erred in granting the motion for new trial after the first trial; and (2) the trial court erred in not excluding the testimony of appellants' experts on defect and causation. We overrule the appellants' point of error and affirm the trial court's judgment. We do not address Ford's cross points because they are not necessary to resolution of this appeal. *See* TEX.R.APP. P. 47.1.

## BACKGROUND

Camelia Mares was the driver of a Ford Explorer that rolled over. Mares's two children were passengers in the vehicle, and her mother, Margarita Ozuna, was the purchaser of the vehicle. Mares sued Ford for personal injuries caused by the accident, individually and on behalf of her two children, and Ozuna sued Ford for property loss.

In February of 1998, a jury rendered a verdict that Ford was 20% negligent, and Mares was 80% negligent. Based on the jury's verdict, the trial court entered a take-nothing judgment. On August 3, 1998, the trial court granted a new trial.

The case was called for a second trial on November 22, 1999. In October of 1999, the appellants submitted a request for disclosure to Ford pursuant to rule 194 of the Texas Rules of Civil Procedure. On November 18, 1999, Ford timely filed its response to the request for disclosure. On November 22, 1999, the day the case was called for trial, the appellants filed a supplemental motion to exclude testimony. In the motion, the appellants asserted that Ford did not comply with rule 194.2(f) in responding to the request for disclosure because Ford "has done nothing more than offer a vague, general statement of the nature of the expert's opinions."

With regard to its expert's opinions, Ford's response stated:

Ford previously listed the following experts pursuant to the parties' agreement [and the] Court's orders in this case:

1. Juan Herrera, Ph.D.

   Met Tech

   484   Timber Oaks

   El Paso, Texas 79932

Dr. Herrera may be asked to testify regarding the metallurgical issues associated with Plaintiffs' liability theories.

\* \* \* \* \* \* \* \* \*

3. Larry Makowski
Ford Motor Company
604 Parklane Towers West
Three Parklane Blvd.
Dearborn, Michigan 48126
Mr. Makowski may be asked to testify regarding the design, development, testing and manufacture of the 1996 Ford Explorer. More specifically, Mr. Makowski is expected to testify regarding the front suspension, steering and brake systems for the 1996 Ford Explorer. He will also testify regarding the testing he performed on an exemplar vehicle. He may also testify as to the lack of any design, manufacturing or marketing defect in the Mares vehicle.

4. Edward Martinez, Ph.D.
Automotive Research Corporation
3301 Longmire
College Station, Texas 77845–5811
Dr. Martinez may be asked to testify regarding the reconstruction of the Mares accident, including the speed, path and orientation of the 1996 Ford Explorer. Dr. Martinez may also testify as to the cause of the accident.

At the hearing on the motion to exclude testimony, Ford responded that because the case had already been tried, all of the experts' opinions had previously been disclosed in full detail. Ford asserted that it did not have any new evidence and did not have anything new that had not already been disclosed. The court ruled as follows:

THE COURT: Well, insofar as any new evidence that might be brought out, I'll go ahead and sustain on that point. On what has been elicited, then I'm going to deny your motion. But I need to look at it and present your argument and objection at the time, if it goes beyond what he testified before.

Based on the trial court's ruling, the appellants were required to object in the event Ford's experts testified as to any new evidence. The appellants assert that they renewed their objection during the examination of Martinez, Makowski, and Herrera. However, the record citations provided by appellants do not reveal any objection during the testimony of Martinez. During the testimony of Herrera, appellants' only objection was to Herrera's testimony defining a term used by another expert. During Makowski's testimony, the appellants objected to Makowski's testimony given in response to the introduction of testing performed by one of the appellants' experts, James Varin. Ford's attorney explained that Makowski's testimony was being introduced to rebut Varin's testing. The trial court overruled the objections that were asserted. The jury found Mares 100% negligent, and the trial court entered a take-nothing judgment based on the jury's verdict.

## DISCUSSION

The appellants contend that the testimony of Ford's experts should have been excluded as a sanction under rule 193.6 of the Texas Rules of Civil Procedure because Ford failed to fully comply with rule 194.2(f) in its response to appellants' request for disclosure.

With regard to a testifying expert, rule 194.2(f) permits a party to request disclosure of "the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them." TEX.R. CIV. P. 194.2(f)(3). In addition, the

party may request disclosure of "all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony." Tex.R. Civ. P. 194.2(f)(4). Rule 194.3 requires the responding party to serve a written response on the requesting party. Tex.R. Civ. P. 194.3. Rule 193.6 provides that the testimony of a witness who was not timely identified must be excluded unless the court finds that: (1) there was good cause for the failure to identify; or (2) the failure would not unfairly surprise or unfairly prejudice the other parties. Tex.R. Civ. P. 193.6.

We review a trial court's decision relating to discovery sanctions under an abuse of discretion standard. *See Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986); *Prudential Property & Cas. Co. v. Dow Chevrolet–Olds, Inc.*, 10 S.W.3d 97, 103 (Tex.App.—Texarkana 1999, pet. dism'd). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). In other words, the reviewing court must determine whether the trial court's action was arbitrary or unreasonable. *See id.* at 242.

In this case, the trial court limited the testimony of Ford's experts to the testimony provided at the earlier trial or in response to earlier discovery, i.e., "what has been elicited." The trial court did not abuse its discretion in limiting the testimony in this manner because the substance of that testimony had been fully disclosed to the appellants.

The appellants have only directed our attention to two objections made during trial that an expert's testimony was going beyond that testimony previously elicited. First, the appellants objected to Herrera defining a term used by another expert. Second, the appellants objected to Makowski's testimony questioning the testing performed by one of the appellants' experts, James Varin.

Given that the appellants had access to and were aware of all of the details of the opinions to be given by the experts, minor refinements in that testimony to provide a definition or to rebut evidence Ford did not anticipate being admitted does not render that testimony inadmissible. *See Exxon Corp. v. West Texas Gathering Co.*, 868 S.W.2d 299, 304 (Tex.1993); *Foust v. Estate of Walters*, 21 S.W.3d 495, 504 (Tex.App.—San Antonio 2000, pet. denied). Therefore, the trial court did not abuse its discretion in admitting the testimony. Moreover, assuming the isolated portions of the two experts' testimony were admitted in violation of the discovery rules, the appellants have failed to show how the admission of those isolated portions of testimony probably caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1(a).

### CONCLUSION

The trial court's judgment is affirmed.