NO. 07-09-0125-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 11, 2009

______________________________


JULIAN EDWARD PERALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,635-B; HONORABLE JOHN B. BOARD, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
 
          Following a plea of guilty, Appellant, Julian Edward Perales, was granted deferred
adjudication for aggravated assault with a deadly weapon and placed on community
supervision for eight years. While on community supervision, Appellant allegedly violated
the terms and conditions thereof prompting the State to proceed with a motion to
adjudicate guilt. Appellant plead not true. After hearing evidence, the trial court
adjudicated Appellant guilty of the charged offense and assessed punishment at ten years
confinement. The Trial Court’s Certification of Defendant’s Right of Appeal filed in this
Court on April 24, 2009, reflects that Appellant does have the right of appeal. Appellant
timely perfected this appeal from the trial court’s judgment. Having filed a motion for new
trial, the appellate record was due on July 22, 2009.


 Pending before this Court is a
request for an extension of time filed by the Potter County District Clerk in which to file the
clerk’s record. As a ground for the extension, the clerk avers that counsel has not been
appointed to represent Appellant in this appeal. 
          The trial court clerk is responsible for preparing, certifying, and timely filing the
clerk’s record if: (1) a notice of appeal has been filed, and in criminal proceedings, the trial
court has certified the defendant’s right of appeal; and, (2) the party responsible for paying
for the preparation of the clerk’s record has paid the clerk’s fee, has made satisfactory
arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee. 
See Tex. R. App. P. 35.3 (a). While the bill of costs attached to the judgment reflects that
Appellant was represented by court appointed counsel at the trial court level, the affidavit
attached to Appellant’s motion for new trial indicates that Appellant retained his appellate
counsel. From the limited record before us, we are unable to determine whether Appellant
has satisfied the second requirement of Rule 35.3(a). Although the basis of the clerk’s
request for an extension of time does not state an adequate ground for relief,


 we will
interpret the same as requesting an extension based upon the failure of Appellant’s
appellate counsel to make adequate financial arrangements for the payment or waiver of
the clerk’s fee, and we will grant that request in accordance with the following orders.
          Therefore, we abate this appeal and remand the cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary to
determine the following: 
          1.      whether Appellant desires to prosecute this appeal; and
2.whether Appellant has paid the clerk’s fee, made satisfactory
arrangements for the payment of the clerk’s fee, or is entitled to
appeal without paying the fee.
 
          On or before August 21, 2009, the trial court shall enter an order containing findings
of fact and conclusions of law addressing those issues. In addition, upon the filing of that
order, the trial court shall cause a copy thereof to be mailed to this court. Should the trial
court determine that Appellant does want to continue the appeal, the trial court shall take
such action as is necessary to ensure that the clerk’s record in this cause is filed on or
before August 31, 2009. 
          In the event the clerk’s record is not filed by that date, the trial court is directed to
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the status of the record. On or before September 14, 2009, the trial court shall
enter an order containing findings of fact and conclusions of law addressing that issue. In
addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed
to this Court. 
          It is so ordered.
Per Curiam
 
 
 
Do not publish.
            



 court erred in admitting the first amended order on
motion for psychological examination or the four and one-half page written child custody
evaluation of Dr. Basham, (4) but instead, limits his contention to the admission of Dr.
Basham's testimony. Although Dale does acknowledge that the propriety of the admission
of evidence is governed by an abuse of discretion standard, Gee v. Liberty Mut. Ins. Co.,
765 S.W.2d 394, 396 (Tex. 1989), he suggests that the application of Rule 193.6(a) of the
Texas Rules of Civil Procedure is a case of first impression. In its current form, Rule
193.6(a) excludes evidence not timely identified unless the court finds that:

 (1) there was good cause for the failure to timely make, amend, or
supplement the discovery response; or

 (2) the failure to timely make, amend, or supplement the discovery response
will not unfairly surprise or unfairly prejudice the other parties. (5)

 

The expert's involvement was developed outside the presence of the jury. According to
the evidence, on March 12, 2002, the trial court appointed the expert for a psychological
examination of the parties and the order was approved by both counsel. Bridget's attorney
requested the trial court take judicial notice of the file which contained the order appointing
the expert and his report. Among other things, the order directed that a detailed written
report of the evaluation by the expert be provided to all parties before March 30, 2002. 
Although Dale designated Dr. Basham as a person with knowledge and potential witness,
Bridget did not list nor designate the expert on her supplemental designation. Out of the
presence of the jury, Bridget's attorney argued that designation of the court ordered expert
was unnecessary or that it was unnecessary because Dale had designated the expert. 
Further, he argued that because a copy of the report had been filed Dale was not
surprised. At the conclusion of the hearing, the trial court expressly found (1) good cause
was shown by the fact that Dale designated the expert; and (2) that the element of surprise
was removed because Dale had designated the expert as a witness and the report was
part of the record. 

 In Mares v. Ford Motor Co., 53 S.W.3d 416, 419 (Tex.App.--San Antonio 2001, no
pet.), in considering a somewhat similar question regarding Rule 193.6, the court
concluded that a discovery sanction is reviewed under an abuse of discretion standard and
that the reviewing court must determine whether the trial court's action was arbitrary or
unreasonable. Given that Dale had actual notice (6) of the expert's opinion and the written
report several months before trial, had in fact designated the expert as a person with
knowledge, and the expert was of the opinion that (1) neither parent shows any likelihood
of being abusive or neglectful toward the children, and (2) both parents have a pattern of
close involvement with the children and appear to have provided adequate care for the
children, and (3) both children appear strongly attached to both parents, and considering
that the best interest of the children was of utmost importance, we conclude that the trial
court did not abuse its discretion in admitting Dr. Basham's testimony. Issue three is
overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice
1. References are to Comm. On Pattern Jury Charges, State Bar of Tex., Texas
Pattern Jury Charges, (Family ed. 2002).
2. (1) whether the physical, psychological, or emotional needs and development of the
children will benefit from the appointment of joint managing conservators; (2) the ability of
the parents to give first priority to the welfare of the children and reach shared decisions
in the children's best interest; (3) whether each parent can encourage and accept a
positive relationship between the children and the other parent; (4) whether both parents
participated in children-rearing before the filing of the suit; (5) the geographical proximity
of the parents' residences; (6) not applicable because of age of children; and (7) any other
relevant factor.
3. Six hour interview with Dale and seven hour interview with Bridget. 
4. Bridget's exhibits 2 and 3 respectively. 
5. A finding of good cause or lack of unfair surprise or unfair prejudice must be
supported by the record. See Rule 193.6(b).
6. For purposes of pretrial procedure, the rules make no distinction in actual or
constructive notice. A. Copeland Enterprises, Inc. v. Tindall, 683 S.W.2d 596, 597
(Tex.App.--Fort Worth 1985, writ ref'd n.r.e).