**NORTHLINE DODGE, INC., Relator,**

v.

**Hon. John L. COMPTON, Judge, Respondent.**

**No. B–9959.**

Supreme Court of Texas.

Jan. 21, 1981.

Lorance & Thompson, Wayne Adams and Phillip C. Summers, Houston, for relator.

Michael C. Boltz, Houston, for respondent.

PER CURIAM.

In this original mandamus proceeding, Northline Dodge, Inc. petitions this Court to order the trial court to vacate an order reinstating a cause on the ground that the trial court had lost jurisdiction to do so under Rule 165a.[1]

The facts are undisputed. The attorney representing the plaintiff in the underlying action received actual notice of the court's intention to dismiss the lawsuit. No affirmative action to retain the cause on the trial docket was taken. The trial court dismissed the cause for want of prosecution. Forty-six days after signing the order of dismissal, the trial court granted Plaintiff's Motion for Reinstatement.

---

1. All references to rules are to the Texas Rules of Civil Procedure.

The question presented is whether a trial court has jurisdiction to reinstate a cause previously dismissed for want of prosecution, when more than 30 days have elapsed since the signing of the dismissal order and when the plaintiff has received notice of the court's intention to dismiss before the expiration of 20 days after dismissal. This question was previously considered in *Harris County v. Miller*, 576 S.W.2d 808 (Tex. 1979). In that case we held that notice of the court's intention to dismiss "before, or prior to, the expiration of 20 days after the dismissal order is signed" limits the trial court's jurisdiction to reinstate under Rule 165a to 30 days after the signing of the dismissal order. *Harris County v. Miller, supra*, at 811. The present order for reinstatement is contrary to the provisions of Rule 165a and the opinion of this Court in *Harris County v. Miller, supra*.

Pursuant to the authority conferred by Rule 483, as amended effective January 1, 1981, we grant Relator's Motion for Leave to File Petition for Writ of Mandamus and, without hearing oral argument, direct that the trial court vacate the order for reinstatement. We presume that the trial court will comply. The writ of mandamus will issue only if the reinstatement order is not vacated.