TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00511-CV







David Lucas, Appellant



v.



Best Pest Control, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY


NO. 34,536, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING







 David Lucas ("plaintiff") appeals from a trial-court judgment dismissing his suit
against Best Pest Control ("defendant"), which the record shows is a trade name employed by
Don H. Caffey. We will dismiss the appeal for want of jurisdiction.


THE CONTROVERSY


 Plaintiff filed his original petition on September 27, 1994, alleging against
defendant a cause of action for money damages. In three successive orders, signed January 8,
1996, March 5, 1997, and May 14, 1997, the trial court required the parties to participate in
mediation and to be personally present at the mediation conferences. Plaintiff filed on December 
3, 1997, a first amended original petition, superseding thereby his original petition. See Tex. R.
Civ. P. 64, 65. Much later in the litigation, the following transpired:

 March 13, 1998. Defendant filed a motion to dismiss plaintiff's original petition
for his failure to participate in mediation and requested that the motion be determined on March
25, 1998, based on documents attached to the motion and without a hearing unless one was
requested.

 March 25, 1998. The trial judge signed an "Order of Dismissal" based on
defendant's motion, dismissing "with prejudice" plaintiff's original petition, ordering costs taxed
against the parties incurring them, and declaring that all relief not expressly granted was denied.

 April 1, 1998. Plaintiff filed a motion to reinstate the "cause" dismissed by the
order signed March 25, 1998, stating that "[t]he act or omission resulting in dismissal was not
intentional or the result of conscious indifference but was due to an accident or mistake, in that
no hearing was held on the issue of dismissal."

 April 13, 1998. Defendant filed a pleading opposing plaintiff's motion to reinstate
the cause; the defendant's pleading pointed out that the motion to reinstate "had nothing to do with
the continuing prosecution of the case" and that plaintiff had never complied with the mediation
orders. See Tex. R. Civ. P. 165a, § 1.

 April 14, 1998. The trial judge signed an order denying plaintiff's motion to
reinstate the cause.

 May 5, 1998. In a letter of this date, the trial judge ordered a hearing on plaintiff's
motion to reinstate; a copy of the letter appears in the appellate record but it does not bear the file
mark of the trial-court clerk.

 June 25, 1998. The trial judge signed an order declaring as follows: (1) plaintiff's
motion for reinstatement had been heard on June 3, 1998, and all counsel had appeared; (2)
plaintiff's motion was granted; (3) the court's order of March 25, 1998 (dismissing plaintiff's
original petition) and the order of April 14, 1998 (denying plaintiff's motion to reinstate the cause)
were vacated; and (4) plaintiff was ordered to pay defendant's attorney's fees in the amount of
$1441.00 within ten "days of the entry of this Order," or the trial judge will sign another order
dismissing the suit "with prejudice."

 July 29, 1998. The trial judge signed an order dismissing "with prejudice"
plaintiff's original petition based on defendant's affidavit that plaintiff had failed to pay the
attorney's fees required by the previous order.

 August 5, 1998. The trial judge signed an "Order of Dismissal with Prejudice
Nunc Pro Tunc," dismissing "with prejudice" plaintiff's first amended original petition.

 September 3, 1998. Plaintiff filed a notice of appeal from the order signed August
5, 1998.

 Plaintiff contends on appeal that the trial court erred because it lacked authority
under Rule 165a to condition reinstatement of the suit on plaintiff's payment of defendant's
attorney's fees, as required by the order signed June 25, 1998. (1) See Price v. Firestone Tire &
Rubber Co., 700 S.W.2d 730, 732-34 (Tex. App.--Dallas 1985, no writ). Defendant rejoins that
Rule 165a "is wholly inapplicable to this case and this appeal"; that the attorney's fee requirement
was but a "lesser sanction" imposed by the trial court for plaintiff's failure to participate in
mediation; and the dismissal sanction was within the trial court's inherent powers necessary to
enforce its mediation orders. See Gleason v. Lawson, 850 S.W.2d 714, 717 (Tex. App.--Corpus
Christi 1993, no writ); Luxenberg v. Marshall, 835 S.W.2d 136, 141 (Tex. App.--Dallas 1992,
orig. proceeding).

 We tend to believe, in light of the record as a whole, that the trial court's order of
March 25, 1998, was based on a want of diligence and thus within the scope of Rule 165a. Cf. 
McGregor v. Rich, 941 S.W.2d 74, 75-76 (Tex. 1997). We need not decide that point, however,
because we lack jurisdiction of the appeal under either view of the dismissal order signed March
25, 1998.


DISCUSSION AND HOLDINGS


 We conclude first that the order signed March 25, 1998, was a final and appealable
order. We reach that conclusion by construction. On its face, the order of that date purports to
dispose finally of all issues and parties. It is not clear from the record that the order was rendered
after a hearing; we have no reporter's record in that regard. If the order was rendered without
a hearing, that would not render the order void because the record demonstrates beyond doubt that
the trial court had jurisdiction of the parties and the subject matter. See State ex rel. Latty v.
Owens, 907 S.W.2d 484, 485 (Tex. 1995).

 We should refer also to the fact that the order signed March 25, 1998, purports to
dismiss the plaintiff's original petition, as opposed to the case itself; aggravating the defect, the
record indicates that plaintiff's original petition had been superseded by his first amended original
petition well before March 25, 1998. We believe these defects do not deprive the dismissal order
of its intended finality and meaning. If construed literally to be simply a dismissal of the
plaintiff's original petition, the order would be meaningless--that petition had already been
deprived of any legal effect by the filing of plaintiff's first amended original petition. See Tex.
R. Civ. P. 65. And such a literal construction would deny any legal effect whatever to the
remaining provisions of the order taxing costs and denying all relief not expressly granted. 
Construing the order as a whole in light of its "Mother Hubbard" clause, we hold the order signed
March 25, 1998, was a final and appealable order dismissing plaintiff's case. See Mafridge v.
Ross, 886 S.W.2d 590, 592 (Tex. 1993). What then is the effect of that conclusion on plaintiff's
appeal?

 Plaintiff promptly filed on April 1, 1998, a date within seven days of the order of
March 25, 1998, a verified motion to reinstate the case. If we assume with the defendant that the
order signed March 25, 1998, was a dismissal of plaintiff's case as a sanction, then the plaintiff's
motion to reinstate must be viewed as analogous to a motion for new trial governed by Rule 329b. 
If we assume with the plaintiff that the dismissal of his case was for want of prosecution, then his
motion to reinstate was governed by Rule 165a. In either case, the consequences are the same. 
The first is that the plaintiff's motion to reinstate was timely filed within the requisite thirty days
after the dismissal order was signed on March 25, 1998. See Tex. R. Civ. P. 165a, § 3, 329b(a). 
And under either view, the trial court retained for an additional thirty days after the date the
motion was overruled, either by a signed written order or by operation of law, plenary power to
vacate its dismissal order signed March 25, 1998. (2) See Tex. R. Civ. P. 165a, § 3; 329b(d).

 The trial judge signed on April 14, 1998, a date well within the period of the
court's plenary power to sign an express order, a written order overruling plaintiff's motion to
reinstate. Thereafter, the trial court retained plenary power for another thirty days in which the
court might vacate its dismissal order signed March 25, 1998, plaintiff's motion to reinstate
having been timely filed. See Tex. R. Civ. P. 165a, § 3, 329b(e). This thirty-day period expired
May 14, 1998, and under either view, the court lacked thereafter any power to vacate its dismissal
order signed March 25, 1998. See Tex. R. Civ. P. 329b(f); Northline Dodge, Inc. v. Compton,
618 S.W.2d 534, 535 (Tex. 1981).

 After the May 14, 1998, expiration of plenary power, the trial judge signed three
orders that we hold are void for want of jurisdiction: (1) an order signed June 25, 1998, vacating
the court's orders signed March 25, 1998, and April 14, 1998, and reinstating the case; (2) an
order signed July 29, 1998, dismissing plaintiff's original petition unless he paid defendant's
attorney's fees; and (3) an order signed August 5, 1998, correcting nunc pro tunc the previous
order and dismissing plaintiff's first amended original petition.

 Whether the dismissal order signed March 25, 1998, be viewed as a sanction, to
which Rule 165a is inapplicable, or as a dismissal for want of prosecution under that rule, plaintiff
was obliged to file his notice of appeal not later than ninety days after March 25, 1998, or by June
23, 1998. See Tex. R. App. P. 26.1(a)(1), (3). Therefore, his notice of appeal filed September
3, 1998, was untimely, it did not perfect his appeal, and we lack jurisdiction to decide the appeal. 
See Tex. R. App. P. 25.1(a), (b). The record does not indicate any extension of the appellate time
requirements.

 We dismiss the appeal for want of jurisdiction.



 

 John E. Powers, Justice

Before Justices Jones, Yeakel and Powers*

Dismissed for Want of Jurisdiction

Filed: January 6, 2000

Do Not Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Rule 165a provides that "[a] case may be dismissed for want of prosecution on failure
of any party seeking affirmative relief to appear for any hearing or trial of which the party had
notice." Tex. R. Civ. P. 165a, § 1. A court may reinstate a "case upon finding after a hearing
that the failure of the party or his attorney was not intentional or the result of conscious
indifference but was due to an accident or mistake or that the failure has been otherwise
reasonably explained." Id. § 3. And "[i]f a motion to reinstate is timely filed by any party the
trial court . . . has plenary power to reinstate the case until 30 days after all such filed motions
are overruled." Id.
2. After the motion to reinstate was filed, the trial court had 75 days from the date of
judgment (March 25, 1998) to overrule it; on the 75th day, the motion would be overruled by
operation of law if no express order to that effect was signed. Plenary power extended thirty days
after the date the motion was overruled expressly or by operation of law. See Tex. R. Civ. P.
165a(3).



the consequences are the same. 
The first is that the plaintiff's motion to reinstate was timely filed within the requisite th