**DANFORTH MEMORIAL HOSPITAL, Relator,**

v.

**Honorable Ed HARRIS et al., Respondents.**

**JOHNSON RADIOLOGICAL GROUP, INC., et al., Relators,**

v.

**Honorable Ed J. HARRIS et al., Respondents.**

**Nos. B–7682, B–7696.**

Supreme Court of Texas.

Oct. 18, 1978.

---

Mills, Shirley, McMicken & Eckel, Russell B. Serafin, Galveston and Martin, Sperry & LeBoeuf, Derral K. Sperry, Houston, for relators.

Richard Thornton, Galveston and Gerald J. Goodwin, Houston, for respondents.

POPE, Justice.

Relators have petitioned this court to order the trial judge to vacate an order, which according to relators, reinstated a cause after the court had lost jurisdiction under Rule 165a.[1] We conditionally grant the mandamus.

These proceedings grew out of an action asserted by Robert Medina and his wife against our three relators, Johnson Radiological Group, Danforth Memorial Hospital, and Jesse Johnson. After the cause had remained on the docket for two years, the cause was placed on the drop docket, and it was dismissed for want of prosecution on July 5, 1977. The trial court, on September 6, ordered the reinstatement of the cause. Apart from this mandamus action, the relators appealed to the court of civil appeals. That court, while expressing the view that the reinstatement order was void, dismissed the appeal because a reinstatement order is an interlocutory judgment. *Johnson Radiological Group v. Medina*, 566 S.W.2d 117 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). That matter is also before us by application for writ of error. Our decision in this mandamus action renders that appeal moot, so we have today dismissed that application for writ of error in that cause.

Rule 165a governs dismissals for want of prosecution; so it becomes necessary to state the critical dates reflected by the record. On July 5, 1977, the trial court ordered the dismissal of the cause for want of prosecution. The order recited that prior notice of the dismissal hearing was given more than thirty days before July 5. On July 8 the clerk, in conformity with Rule 306d mailed a postcard notice to the attorneys stating that the court had signed a dismissal order. On either July 11 or 12 Medina's counsel received the postcard. On August 4, the thirtieth day after the dismissal order, Medina's counsel filed a motion to reinstate the cause; and on that date, the trial court set a hearing on the

---

1. All references to rules are to the Texas Rules of Civil Procedure.

motion for August 18. The order setting the date for the hearing stated that on August 18, the defendants "shall be required to show cause why said Motion should not be, in all things, granted." On August 18, the forty-fourth day after the dismissal, the court conducted the hearing, following which the trial judge asked for briefs. On September 6, the sixty-third day after the dismissal of the cause, the court reinstated the cause. This cause is governed by this portion of Rule 165a:

> Within thirty days after the signing of the order of dismissal, the court shall *reinstate* the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal. [Emphasis added.]

Rule 165a contemplates these different situations: (1) When the party or his attorney receives either a mailed notice or actual notice prior to the expiration of twenty days after the dismissal order is signed, the court may reinstate the case within thirty days from the date of the dismissal order. (2) When the party or his attorney does not receive either the mailed notice or acquire actual notice within twenty days from the date of the dismissal notice, but thereafter does receive the mailed notice or acquire actual notice; the court may reinstate the cause within thirty days after the party or his attorney first received the notice or acquired actual notice. (3) After the expiration of six months from the date the order of dismissal is signed, the court may not reinstate the cause for any event. The remedy is, in that situation, by way of a bill of review.

The respondents in this case fall in the first category, since they had notice within twenty days; and our recent decision in *N–S–W Corporation v. Snell*, 561 S.W.2d 798 (Tex.1977), governs this case. In that situation an order for reinstatement rendered after the expiration of thirty days from the date of the dismissal order is void. *See also, Calaway v. Gardner*, 525 S.W.2d 262 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

The respondents rely upon a finding of fact made by the trial judge that the court on August 4, 1977, was of the opinion that the order of dismissal "should be withdrawn" and the case should be placed back on the active docket subject to the right of the defendants to a hearing. We find no order of the trial court that set aside the dismissal order or that reinstated the cause on August 4. The finding is an expression of the judge's subjective judgment of what he expected to do but that was not made into an order. *Reese v. Piperi*, 534 S.W.2d 329 (Tex.1976). The court's order on August 4 was one that set down for hearing the motion to reinstate.

We accordingly grant relators' prayer for a mandamus ordering the trial court to vacate the order for reinstatement. The writ of mandamus will issue only in the event the reinstatement order is not vacated.