**HARRIS COUNTY, Relator,**

v.

**Honorable George E. MILLER, Judge, Respondent.**

No. B–7887.

Supreme Court of Texas.

Jan. 24, 1979.

Rehearing Denied March 7, 1979.

---

Joe Resweber, County Atty., David R. Hurley, Asst. County Atty., Houston, for relator.

Thurlow & Hennessy, Nicholas E. Zito, Ira D. Watrous, William B. Portis, Jr., Houston, Frank W. Elliott, Lubbock, Ralph E. Gustafson, Houston, for respondent.

GREENHILL, Chief Justice.

In this original mandamus proceeding, Harris County has petitioned this court to order the trial judge to vacate an order reinstating a case on the ground that the trial court has lost jurisdiction to do so under Rule 165a.[1]

The question before us is whether a trial court has jurisdiction to reinstate a case previously dismissed for want of prosecution, when more than thirty days have elapsed since the signing of the dismissal order and when the plaintiff has received notice of the court's intention to dismiss before the expiration of twenty days after dismissal. We hold that, under those circumstances, the trial court has no jurisdiction to reinstate a case. We therefore conditionally grant the mandamus.

This proceeding arises out of an action brought by Leon Vogtman against Harris County to recover damages for personal injuries received in an automobile collision.

---

1. All references to rules are to the Texas Rules of Civil Procedure.

Vogtman filed the suit on August 14, 1974, in Harris County.

Some three and a half years later, in 1978, the Vogtman suit was placed on the automatic dismissal docket. On March 1, 1978, Vogtman's attorney received actual notice of the trial court's intention to dismiss the case. The attorney claims that, in response to this notice, he timely filed a motion and order to retain the case on the docket. Although the transcript contains no such motion, we will assume, for purposes of this opinion, that the motion was filed and was subsequently lost through clerical error.[2] Believing that his motion to retain had been granted, Vogtman's attorney filed a trial setting request on April 11, 1978, and on that date caused the case to be set on the trial docket for May 15, 1978.

On April 12, 1978, the trial judge, who apparently had not been informed of the actions taken by Vogtman's attorney, signed an order dismissing Vogtman's case for want of prosecution. Vogtman and his attorney, in turn, were unaware of the dismissal until May 12, 1978, when the attorney for Harris County delivered to Vogtman's attorney a copy of a motion to strike Vogtman's trial setting. On the same day, Vogtman's attorney filed a motion to reinstate the case. On May 15, 1978, the court heard Vogtman's motion to reinstate and on that same day entered an order granting the motion.

The question of the trial court's jurisdiction to reinstate the case on May 15, 1978, is governed by Rule 165a of the Texas Rules of Civil Procedure, which sets out the procedure for dismissal of a case for want of prosecution and for any subsequent reinstatement. The rule provides in part:

> Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where

after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

As this court stated in *Danforth Memorial Hospital v. Harris*, 573 S.W.2d 762 (Tex. 1978), Rule 165a provides specific rules for three distinct situations: (1) when the party or his attorney receives mailed or actual notice prior to the expiration of twenty days after the dismissal order is signed, the court's jurisdiction to reinstate the case is limited to thirty days from the date of dismissal; (2) when the party or his attorney does not receive either mailed or actual notice before the expiration of this twenty-day period but does receive such notice within six months from the date the dismissal order is signed, the court has jurisdiction to reinstate the case within thirty days after the party or his attorney received the notice; (3) after the expiration of six months from the date the dismissal order is signed, the court has no jurisdiction to reinstate the case under Rule 165a. The remedy, in that situation, is by way of a bill of review.

▐ Vogtman's case falls within the first of the three above-described situations, since he received actual notice of the court's intention to dismiss the case prior to the expiration of twenty days after dismissal. The notice that a party or his attorney must receive before the expiration of this twenty-day period may be either notice of the court's intention to dismiss *or* notice of the actual dismissal. That the rule renders either type of notice sufficient is made clear from the language of the rule itself. The

---

**2.** The transcript does contain an affidavit signed by a law clerk for Vogtman's attorney in which the law clerk states that he delivered the "motion to retain" to the Harris County District Clerk. There is no statement of facts available to us.

rule specifically refers to both types of notice. Furthermore, the use of the term "prior to the expiration of twenty days [after the dismissal]" instead of language such as "within twenty days of the dismissal" indicates that notice may be received *before* the dismissal order is signed. Such notice would necessarily be notice of the court's intention to dismiss rather than notice of the actual dismissal.

Thus, Rule 165a provides in substance that if the plaintiff or his attorney receives notice of either the court's intention to dismiss the case *or* the actual dismissal before, or prior to, the expiration of twenty days after the dismissal order is signed, the trial court's jurisdiction to reinstate the case is limited to thirty days after the signing of the dismissal order. *See Danforth Memorial Hospital v. Harris,* 573 S.W.2d 762 (Tex. 1978). Filing of a motion to reinstate within the thirty-day period is not sufficient. The case must be actually reinstated during that period. *See N–S–W Corporation v. Snell,* 561 S.W.2d 798 (Tex.1977).

■ Although the rule provides that the plaintiff is to receive notice of dismissal as provided in Rule 306d, Rule 165a also stipulates that the failure to mail required notices will have no effect on the finality of any order of dismissal except in those situations specifically set out in the above-quoted paragraph. Thus, if a party receives timely notice of the court's intention to dismiss, the fact that he does not also receive notice of the actual dismissal within twenty days after the signing of the dismissal order cannot serve as a basis for extending the thirty-day time limit on the court's jurisdiction to reinstate the case.

■ Vogtman contends that his filing of a motion to retain, and his causing the setting of the case for trial in response to the notice of intent to dismiss, constitute actions sufficient to make the thirty-day time limit inapplicable. This contention is not well founded. Rule 165a makes no reference to a party's right to extend the jurisdiction of the trial court simply by filing a motion to retain a case or by causing the case to be set on the docket for trial.

Further, such actions do not deprive the trial court of its power to dismiss the case regardless of whether the filing of the motion and the setting of the case for trial are brought to the court's attention. Vogtman was not entitled to presume that his motion to retain would be brought to the court's attention and would be granted.

We, therefore, are of the opinion that the relief herein prayed for should be granted; i. e., that the trial court should vacate the order for reinstatement. We will presume that the trial court will comply with this opinion; and the writ of mandamus will issue only if the reinstatement order is not vacated.

Concurring opinion by McGEE, J.

McGEE, Justice, concurring.

I concur in the majority's disposition of this case. I do so reluctantly, however, because I believe Rule 165a of the Texas Rules of Civil Procedure, as presently written, leads to an unnecessarily harsh result.

Presently, the notice that a litigant or his attorney must receive before the expiration of the 20-day period may be either notice of the court's intention to dismiss *or* notice of the actual dismissal. I believe that this case well illustrates the need for an additional device to protect the litigant's cause of action. In my opinion the administration of justice would be better served if Rule 165a were revised to require both a notice of intention to dismiss the cause *and* a notice of the dismissal order. Under this revision the rule should be adapted to cover three situations: (1) when the litigant or his attorney receives mailed or actual *notice of the signed dismissal order* within 20 days of the dismissal, the trial court has 30 days from the day of dismissal to reinstate the case; (2) when the litigant or his attorney does not receive either mailed or actual *notice of the signed dismissal order* before the expiration of this 20-day period but does receive such notice within six months from the date the dismissal order was signed, the court has jurisdiction to reinstate the case within 30 days after the litigant or his

attorney received the notice; (3) after the expiration of six months from the date the dismissal order is signed, the court has no jurisdiction to reinstate the case under Rule 165a, and the litigant is relegated to a remedy by bill of review.

In the present case it appears unjust to deny reinstatement of the case. Vogtman timely filed a motion to retain the case on the docket, but this instrument was apparently lost due to clerical error. The case was dismissed on April 12, 1978 and no notice of this dismissal order was mailed to Vogtman or his attorney. Exactly one month later when actual notice of the dismissal order was received, Vogtman immediately filed a motion to reinstate the case. Under these circumstances, Vogtman should have been allowed to reinstate the case under the second of the three above described situations.