**Houston A. GILBERT (Ruby Gilbert), Appellant,**

v.

**HUBER, HUNT & NICHOLS, INC. and Nathan Alterman Electric Company, Appellees.**

**No. 04–82–00243–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 29, 1984.

Rehearing Denied March 27, 1984.

Dan M. Reed, Fort Worth, for appellant.

William H. Quirk, III, C.G. House, San Antonio, Thomas P. Sartwelle, Houston, for appellees.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

OPINION

PER CURIAM.

Plaintiff appeals from the trial court's refusal to reinstate this case after it had been dismissed for want of prosecution. The case was dismissed February 19, 1982, after a hearing in which plaintiff and defendants participated in the hearing on the motion to dismiss. No record was made of the proceedings. Plaintiff filed a motion to reinstate the case on March 16, 1982. This motion was denied following a hearing held on April 30, 1982. A cash deposit in lieu of an appeal bond was filed on May 17, 1982.

■ Rule 165a, TEX.R.CIV.P. (Vernon 1979 and Supp.1982–1983) governs dismissals for want of prosecution. *Danforth Memorial Hospital v. Harris,* 573 S.W.2d 762, 763 (Tex.1978). Rule 165a states, in pertinent part:

Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to accident or mistake.

In this case, plaintiff's attorney was present at the hearing on the motion to dismiss so had actual notice of the dismissal at that time. The trial court's power to reinstate the case was terminated at the expiration of thirty days from the date of the signing of the order of dismissal on March 22, 1982, on which date the judgment of dismissal became a final judgment, no longer within the power of the trial court to set aside. An order entered after that date is void, and does not operate to extend the time for perfecting an appeal to this court. Rule 5, TEX.R.CIV.P. (Vernon 1979).

For plaintiff to appeal from the order of dismissal, he was required to file his appeal bond within 30 days after February 19, 1982, the date on which the order of dismissal was signed. Rule 356(a), TEX.R. CIV.P. (Vernon 1967 and Supp.1982–1983). The cash deposit in lieu of an appeal bond filed by plaintiff on May 17, 1982, was not timely filed. Rule 356 is mandatory and jurisdictional, and plaintiff's failure to timely file the cash deposit must result in a dismissal of the appeal. *Glidden Co. v. Aetna Surety & Casualty Co.,* 155 Tex. 591, 291 S.W.2d 315 (1956); *Washington v. Golden State Mutual Life Insurance Co.,* 405 S.W.2d 856 (Tex.Civ.App.—Houston 1966, writ ref'd).

This court has consistently held that a party desiring reinstatement of a case which has been dismissed for want of prosecution must follow the timetable prescribed in Rule 165a, and not the timetable applicable to motions for new trial by Rule 329b. *See Danforth Memorial Hospital v. Harris, supra;* Rule 165a, TEX.R.CIV.P.; *Farrow v. Bramble,* 663 S.W.2d 893 (Tex. App.—San Antonio 1983) (not yet reported).

■ Plaintiff's motion for new trial though filed within the 30 days prescribed by Rule 165a, was not heard and acted on within the mandatory 30 day period, so did not operate to extend the time for perfecting an appeal to this court. *St. Paul Insurance Co. v. Rahn,* 586 S.W.2d 701 (Tex. Civ.App.—Corpus Christi 1979, no writ).

The appeal is dismissed for want of jurisdiction.