NUMBER 13-00-00113-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MICHAEL JOSEPH LESSARD,

DOROTHY ELAINE LESSARD, 

MONICA JEAN LESSARD, AND 

JEANNIE MARIE LESSARD, Appellants,


v.



VELSICOL CHEMICAL CORPORATION, Appellee.

 



On appeal from the 343rd District Court of Live Oak County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Garza


 

 Appellants, Michael Joseph Lessard, Dorothy Elaine Lessard, Monica Jean Lessard,
and Jeannie Marie Lessard, appeal from the trial court's granting of a motion to dismiss for
want of prosecution in favor of appellee, Velsicol Chemical Corporation ("Velsicol"). (1) By
two issues, the Lessards argue that the trial court abused its discretion: (1) in dismissing
their claims for want of prosecution; and (2) in refusing to reinstate their claims pursuant
to Texas Rule of Civil Procedure 165a(3). See Tex. R. Civ. P. 165a(3). We affirm.I. Background This dispute involves damages arising from the chemical contamination of several
residences in Live Oak County, Texas. Originally, the dispute involved numerous parties;
however, most of the parties have settled their claims, leaving only the Lessards, Velsicol,
and Fruit of the Loom as parties. 

 The Lessards filed their original petition on December 31, 1990, alleging, among
other things, that Velsicol and Fruit of the Loom were negligent in designing,
manufacturing, and marketing Gold Crest C-100 Emulsifiable Concentrate, the chemical
which allegedly contaminated the Lessards' residence. The Lessards' lawsuit was one of
three lawsuits against the same set of defendants--trial court cause numbers 7202-C (filed
by the Episcopal Church Corporation of West Texas), 7205-C (filed by the Reynolds
family), and 7214-C (filed by the Lessard family). The trial court consolidated the three
lawsuits on December 16, 1991. 

 On June 24, 1993, the trial court ordered that all further proceedings and the trial
of the matter were to be conducted before a visiting judge. The trial court further ordered
the parties to "agree upon the identity of a visiting judge within ten days from the date of
this Order." The parties never agreed on which visiting judge would conduct further
proceedings. 

 On April 22, 1994, all of the parties agreed to a joint motion to continue the
upcoming May 23, 1994 trial setting, which the trial court granted. Velsicol, Fruit of the
Loom, and the Savage parties filed a motion for the appointment of a visiting judge on July
28, 1994, requesting that the trial court appoint a visiting judge since the Lessards and the
other plaintiffs had rejected each of the proposed visiting judges named on the defendants'
list without offering a list of their own. The record does not reflect that the trial court ruled
on this motion. 

 On February 28, 1997, the trial court entered an agreed order of referral appointing
Steven W. Fieldcamp as the mediator for the claims. (2) After mediation in 1997, Velsicol,
Fruit of the Loom, and the other defendants settled with the plaintiffs in trial court cause
numbers 7202-C and 7205-C, leaving only the Lessards' claims unresolved.

 On March 14, 1999, the Lessards filed a motion with the trial court requesting the
trial court to set a docket control conference by telephone for the purpose of scheduling
a trial date. The trial court set the docket control conference for March 23, 1999, and sent
notice to the parties. It is not clear from the record before us when the new trial setting was
scheduled. 

 Nevertheless, on October 19, 1999, Velsicol and the Savage parties filed a joint
motion to dismiss the Lessards' claims for want of prosecution. In this filing, Velsicol and
the Savage parties argued that they had provided the Lessards with lists of visiting judges
on numerous occasions and that the Lessards failed to do anything. Velsicol and the
Savage parties also alleged that the case had been outstanding for nine years at the time
of filing and that the Lessards were "the only outstanding claims despite mediation
attempts and numerous letters sent to the Plaintiffs on behalf of the Defendants to obtain
a visiting judge."

 On November 12, 1999, the Lessards filed a response to the joint motion to dismiss
for want of prosecution. The Lessards alleged that a jury trial of their claims would only
take a week and requested a trial setting for the first available week after February 2000. 
Counsel for the Lessards noted that he was recently employed by the law firm of
Spagnoletti & Associates for the specific purpose of prosecuting this matter, and he
subsequently proposed a new list of visiting judges and, alternatively, suggested that the
trial court select a visiting judge if Velsicol and the Savage parties objected to his list of
visiting judges. Nowhere in the response did counsel for the Lessards explain why the
case had been delayed for over nine years.

 On November 17, 1999, the trial court conducted a hearing on Velsicol and the
Savage parties' joint motion to dismiss. At the hearing, counsel for the Savage parties
noted that this matter would take more than one week to try and alleged that the Lessards
had "basically sat on their hands for nine years in this case." Counsel for Velsicol stated
that discovery in the case had not been updated since 1992 and that he was not afforded
the opportunity to finish a deposition of the Lessards' expert witness. Velsicol's counsel
also referenced a recent claim brought by the Lessards for damages associated with
"painful, sensitive polyneuropathy" and that the Lessards had not participated in discovery
regarding that claim. In explaining why the case had taken so long to prosecute, counsel
for the Lessards noted the following:

 [Counsel for the Lessards]: All right. I have filed a response in this
case. As I said, Your Honor, I originally
represented the Lessards. I have been
out of this case for five years. I've just
been rehired. My first priority is to go
forward with this case.

 . . . .

 [Counsel for the Lessards]: I left the law firm, Your Honor, and went
into practice elsewhere. And in fact, I
tried to retire from the practice of law first
of the year and found out I just couldn't
do that. And so Mr. Spagnoletti asked
me to come back and clear up some
cases including this one. 

 

 . . . .

 

 [Counsel for the Lessards]: Now that I'm on the case, I'll see all that is done and I will do it expeditiously just as 

 soon as it can possibly be done. And I'll see that it's done.


 To correct what Counsel said,
originally I represented the Lessards
when I was with the Kleberg Law Firm in
Corpus Christi. I have not been
associated with this case. I turned this
case over to Mr. Spagnoletti about four or
five years ago. I haven't been associated
with the case in the last three years.


 I'm back here. I know the
Lessards personally and I originally
represented them and I would--just to
have their day in court or get this thing
concluded for them. And that's all I ask,
Your Honor, and I will diligently do
whatever this Court suggests or wants me
to do with regards [sic] to resolving it, and
that'll be done. I promise Your Honor
that. 

 . . . .

 

 THE COURT: They never did move the cases when you
left.


 [Counsel for the Lessards]: I know. I intend to move it now, Your
Honor.


The trial court subsequently dismissed the Lessards' claims for want of prosecution.

 On December 16, 1999, the Lessards filed various post-judgment motions, including
a verified motion to reinstate, arguing that the trial court abused its discretion in dismissing
the case and that rule 165a of the Texas Rules of Civil Procedure mandated reinstatement. 
See Tex. R. Civ. P. 165a. Included with their verified motion to reinstate was an affidavit
executed by Francis I. Spagnoletti in which he stated the following:

 My firm has continuously represented Plaintiffs [the Lessards] since
obtaining this case. The case was mediated in 1997, but no settlement
could be reached. Although it is true that the case has now been on file for
nine years (1990-1999), there are several reasons that explain this passage
of time:

 

 First, as is customary at my firm, I assigned this case to associates,
who then prepare the case as necessary for trial, including propounding and
responding to discovery, obtaining medical records, and consulting with
expert witnesses. Over the years that this case has been on file, the
handling associate changed on several occasions. This fact has resulted in
an unintended delay in handling.


 Second, this case is a consolidation of three separate lawsuits with
separate sets of plaintiffs (the Reynolds, the Lessard[s], and the Episcopal
Church), and includes separate defendants which are separately
represented. The claims of the Reynolds were finally settled after lengthy
proceedings . . . .


 On December 20, 1999, the Lessards filed their original notice of appeal, which they
later supplemented on March 13, 2000. The trial court denied all of the Lessards' post-judgment motions on January 31, 2000. The trial court entered an amended order of
dismissal on February 9, 2000, adding Fruit of the Loom to the list of defendants. (3) It is
because of this alteration that the Lessards filed their supplemental notice of appeal on
March 13, 2000. 

 On December 29, 1999, Fruit of the Loom filed a voluntary petition for relief under
Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court
for the District of Delaware. This Court was notified of Fruit of the Loom's bankruptcy filing
on July 24, 2000. See Tex. R. App. P. 8.1. On August 17, 2000, this Court stayed the
Lessards' appeal pursuant to the automatic stay imposed by the bankruptcy code. See 11
U.S.C. § 362(a). The Lessards filed a motion to reinstate their appeal on June 8, 2007,
noting that the bankruptcy proceedings involving Fruit of the Loom had concluded on
March 21, 2007. See Tex. R. App. P. 8.3(a). (4)
 On June 28, 2007, we granted the Lessards'
motion to reinstate their appeal. This appeal followed. 



II. Analysis


A. The Trial Court's Dismissal of the Lessard's Claims for Want of Prosecution


 In their second issue, the Lessards argue that the trial court abused its discretion
in exercising its inherent power to dismiss their case for want of prosecution. Specifically,
the Lessards contend that: (1) the trial court failed to give them notice that it planned to
dismiss their case for want of prosecution; and (2) the record demonstrates that they were
diligent in trying to obtain a trial setting from the trial court. Velsicol counters by arguing
that the Lessards received reasonable notice and were given an opportunity to be heard
before the trial court dismissed their claims after being on file for nine years at the time of
dismissal.

 1. Standard of Review


 We review a trial court's dismissal of a suit for want of prosecution under an abuse
of discretion standard. See MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (per
curiam); State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984); see also Sewell Motor Co. v.
Capitan Enters., Inc., No. 08-02-00454-CV, 2004 Tex. App. LEXIS 3577, at **5-6 (Tex.
App.-El Paso Apr. 22, 2004, pet. denied) (mem. op.). The trial court abuses its discretion
when it acts without reference to any guiding rules or principles or if the action is arbitrary
or unreasonable. Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 A trial court may dismiss a case for want of prosecution: (1) when a party fails to
appear at a hearing or trial; (2) when the case has not been disposed of within the
Supreme Court's time standards; (5) or (3) under the trial court's inherent power to dismiss,
when the case has not been prosecuted with due diligence. See Tex. R. Civ. P. 165a;
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); Rotello, 671
S.W.2d at 509; Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 57 (Tex. App.-Houston [14th
Dist.] 1993, no writ). The trial court's authority to dismiss is derived both from rule 165a
of the Texas Rules of Civil Procedure and from its inherent power to manage its own
docket. Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976); Burton v.
Hoffman, 959 S.W.2d 351, 353 (Tex. App.-Austin 1998, no pet.). 

 When an unreasonable delay in the prosecution of a case occurs, it is presumed
that the case has been abandoned. Bilnoski, 858 S.W.2d at 57 (citing Hosey v. County
of Victoria, 832 S.W.2d 701, 704 (Tex. App.-Corpus Christi 1992, no writ)). If that delay
is not sufficiently explained, the presumption of abandonment is conclusive and the case
will be dismissed. Id. The trial court, in exercising its inherent authority, may consider
periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of
time to determine whether the delay was reasonable. Ozuna v. Sw. Bio-Clinical Labs., 766
S.W.2d 900, 902 (Tex. App.-San Antonio 1989, writ denied); see King v. Holland, 884
S.W.2d 231, 237 (Tex. App.-Corpus Christi 1994, writ denied) (noting that in exercising
its inherent power to dismiss a case, a trial court may consider the length of time the case
was on file, the extent of activity in the case, whether a trial setting was requested, and the
existence of reasonable excuses for the delay). The Lessards did not request findings of
fact or conclusions of law, and the trial court did not specify the standard of dismissal used;
therefore, we must affirm the trial court's decision if any legal theory for the dismissal is
supported by the record. See Point Lookout W., Inc. v. Whorton, 742 S.W.2d 277, 278
(Tex. 1987); see also Maughan v. Employees Ret. Sys. of Tex., No. 03-07-00604-CV, 2008
Tex. App. LEXIS 5822, at *7 (Tex. App.-Austin Aug. 1, 2008, no pet.) (mem. op.). 

 2. Discussion


 The Lessards first argue that the trial court abused its discretion because it did not
provide adequate notice of its intent to dismiss their case for want of prosecution. Texas
Rule of Civil Procedure 165a(1) provides that a party must be provided with notice and an
opportunity to be heard before a trial court may dismiss a case for want of prosecution
under either rule 165a or its inherent power. See Tex. R. Civ. P. 165a(1) ("Notice of the
court's intention to dismiss and the date and place of the dismissal hearing shall be sent
by the clerk to each attorney of record, and to each party not represented by an attorney.");
Villarreal, 994 S.W.2d at 630; Dueitt v. Arrowhead Lakes Prop. Owners, Inc., 180 S.W.3d
733, 737 (Tex. App.-Waco 2005, pet. denied); see also Callahan v. Staples, 139 Tex. 8,
161 S.W.2d 489, 491 (1942) (requiring notice for dismissals under the court's inherent
power); Gutierrez v. Lone Star Nat'l Bank, 960 S.W.2d 211, 214 (Tex. App.-Corpus Christi
1997, pet. denied) (requiring notice for dismissals under rule 165a). The requirements of
notice and a hearing are necessary to ensure that the dismissed claimant received due
process. Dueitt, 180 S.W.3d at 737 (citing Smith v. McKee, 145 S.W.3d 299, 302 (Tex.
App.-Fort Worth 2004, no pet.); Tex. Sting Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 648
(Tex. App.-San Antonio 2002, pet. denied); Franklin v. Sherman Indep. Sch. Dist., 53
S.W.3d 398, 401 (Tex. App.-Dallas 2001, pet. denied)). The failure to provide adequate
notice of the trial court's intent to dismiss for want of prosecution is a due process violation
and requires reversal. Villarreal, 994 S.W.2d at 630 (citing Donnell v. Spring Sports, Inc.,
920 S.W.2d 378, 386 (Tex. App.-Houston [1st Dist.] 1996, writ denied); Davis v. Laredo
Diesel, Inc., 611 S.W.2d 943, 946-47 (Tex. Civ. App.-Waco 1981, writ ref'd n.r.e.)); see
Keough v. Cyrus U.S.A., Inc., 204 S.W.3d 1, 5 (Tex. App.-Houston [14th Dist.] 2006, pet.
denied). However, participation in a hearing on a motion to reinstate cures any due
process concerns for the trial court's failure to provide notice of its intent to dismiss for want
of prosecution. Dueitt, 180 S.W.3d at 737.

 The Lessards argue that they did not receive adequate notice of the trial court's
intent to dismiss their case because the notice was promulgated by Velsicol via its joint
motion to dismiss for want of prosecution and not by the trial court itself. They argue that
Velsicol's joint motion was only sufficient to inform the Lessards of Velsicol's intentions and
gave no indication of the trial court's intentions. They further argue that Velsicol cannot
give notice of the trial court's intention to dismiss the claims using its inherent power, but
that the trial court must give notice of its own intentions.

 However, several Texas courts have held that a dismissal for want of prosecution
may be obtained by the motion of the trial court or on the motion of any party to the suit. 
See Dueitt, 180 S.W.3d at 738; see also Sierra Club v. Tex. Comm'n on Envtl. Quality, No.
03-04-00108-CV, 2005 Tex. App. LEXIS 454, at *5 (Tex. App.-Austin Jan. 21, 2005, no
pet.) ("Contrary to appellants' arguments, the rule 165a reinstatement procedure applies
to all dismissals for want of prosecution, regardless of whether they are initiated by the
court or motion of a party."); Polk v. Sw. Crossing Homeowners Ass'n, 165 S.W.3d 89, 92-93 (Tex. App.-Houston [14th Dist.] 2005, pet. denied) (affirming the trial court's granting
of appellee's motion to dismiss for want of prosecution); Harvey v. Wetzel, No. 03-03-00608-CV, 2004 Tex. App. LEXIS 6818, at *12 (Tex. App.-Austin July 29, 2004, no pet.)
(same); Wright v. Tex. Dep't of Criminal Justice-Inst. Div., 137 S.W.3d 693, 694 (Tex.
App.-Houston [1st Dist.] 2004, no pet.) (same); Manning v. North, 82 S.W.3d 706, 712
(Tex. App.-Amarillo 2002, no pet.) (same). Furthermore, the Texas Supreme Court has
held that either notice of the trial court's intent to dismiss or notice of the actual order of
dismissal is sufficient notice. See Harris County v. Miller, 576 S.W.2d 808, 810 (Tex.
1979); see Lowe v. U.S. Shoe Corp., 849 S.W.2d 888, 891 (Tex. App.-Houston [14th Dist.]
1993, writ denied).

 Velsicol filed its joint motion to dismiss for want of prosecution on October 18, 1999,
more than nine years after the Lessards had first filed their lawsuit. In its joint motion,
Velsicol noted the following:


 Trial was set for this case on January 9, 1995, in Live Oak County
during a week that was not a jury week. In approximately late October of
1994, the Honorable Judge Rodriguez noted that there would not be an
actual jury setting in the case nor a new docket control conference, unless
and until the parties agreed to a visiting judge. Thereafter, the Defendants
[Velsicol and others] on numerous occasions provided the Plaintiffs [the
Lessards] lists of visiting judges, among which included, Judge Wells
Stewart, Judge Vernon Harville, and the late Judge Onion. Despite the
Defendants' efforts, the Plaintiffs failed to do anything.


 It has been nearly nine years since the filing of this suit. To date, all
claims regarding the Defendants have been resolved with the exception of
the claims set forth by the Lessards. The Lessards remain the only
outstanding claims despite mediation attempts and numerous letters sent to
the Plaintiffs on behalf of the Defendants to obtain a visiting judge.


 The Savage Defendants have made numerous efforts to resolve this
claim and have heard no reply from the Plaintiffs. To ensure that the
interests of the Defendants are preserved and to reach a resolution in this
long stalled case, the Defendants ask this Court to dismiss this matter for
failure of the Plaintiffs to properly and efficiently pursue their case.


 WHEREFORE PREMISES CONSIDERED the Defendants
respectfully request the Court grant the Joint Motion to Dismiss for Want of
Prosecution. 


(Emphasis added.) On November 12, 1999, the Lessards filed a response to the joint
motion to dismiss, alleging that the reason for the delay in the case was that the parties
could not agree on a visiting judge and proposing a list of three visiting judges. On
November 17, 1999, the trial court conducted a hearing on Velsicol's joint motion to
dismiss. It is not clear from the record that the trial court notified the Lessards of its intent
to dismiss their claims for want of prosecution. See Alexander v. Lynda's Boutique, 134
S.W.3d 845, 849-50 (Tex. 2004) ("[M]ere silence as to whether notice [of intent to dismiss]
was sent does not establish that notice was not sent . . . ."); see also Keough, 204 S.W.3d
at 5. In any event, after hearing arguments from Velsicol, the Savage parties, and the
Lessards, the trial court granted Velsicol's joint motion to dismiss for want of prosecution.

 All that due process requires is that a party be given notice of the time and
substance of the hearing, and an opportunity to present arguments at the hearing. See
Smith, 145 S.W.3d at 302; Tex. Sting Ltd., 82 S.W.3d at 648; see also Dueitt, 180 S.W.3d
at 739. Velsicol's joint motion to dismiss put the Lessards on notice that their claims may
be dismissed for want of prosecution by the trial court. See Dueitt, 180 S.W.3d at 740
(holding that "'a dismissal notice containing no reference to Rule 165a or the court's
inherent authority [is] sufficient to put the appellant on notice that the court could dismiss
under Rule 165a(1), Rule 165a(2), or its inherent authority'" (quoting Steward v. Colonial
Cas. Ins. Co., 143 S.W.3d 161, 163-64 (Tex. App.-Waco 2004, no pet.))). By conducting
the November 17, 1999 hearing, the trial court afforded the Lessards an opportunity to be
heard and to provide adequate justifications for the nine-year delay in prosecuting the
case. See Lowe, 849 S.W.2d at 891 ("It is generally held that a party to a lawsuit is
charged with notice that the suit may be dismissed for want of prosecution when there is
inaction for a long period of time. This constructive notice satisfies due process
requirements.") (internal citation omitted). Thus, we conclude that the Lessards received
due process. (6)
 See Dueitt, 180 S.W.3d at 740; see also Bilnoski, 858 S.W.2d at 57; Lowe,
849 S.W.2d at 891. 

 Next, the Lessards contend that the record demonstrates that they were diligent in
prosecuting their claims; therefore, the trial court abused its discretion in granting Velsicol's
joint motion to dismiss. We disagree.

 As previously mentioned, the trial court may consider periods of activity, intervals
of inactivity, reasons for lack of attention, and the passage of time in determining whether
a case should be dismissed for want of prosecution. See Ozuna, 766 S.W.2d at 902; see
also King, 884 S.W.2d at 237. Furthermore, when there is an unreasonable delay in the
prosecution of the case, it is presumed that the case has been abandoned unless the
dismissed claimant provided a sufficient justification for the delay. See Bilnoski, 858
S.W.2d at 57; Hosey, 832 S.W.2d at 704.

 Here, the record supports an implied finding that the case was not prosecuted with
diligence. Nearly nine years elapsed between the date the case was first filed--December
31, 1990--and the date the trial court finally dismissed it--November 17, 1999. (7) During
that time, the parties engaged in some discovery and participated in mediation. See
Nichols v. Sedalco Constr. Servs., 228 S.W.3d 341, 343 (Tex. App.-Waco 2007, pet.
denied) (holding that the trial court did not abuse its discretion in dismissing a case for want
of prosecution where brief periods of activity did not explain remaining long periods of
inactivity). However, the parties neither resolved their claims nor agreed on a visiting judge
to hear the case, as ordered by the trial court on June 24, 1993. At the November 17,
1999 hearing, counsel for the Lessards stated that the reason for the delay centered on
his employment status. According to counsel for the Lessards, he initially represented the
Lessards until he discontinued employment with his law firm for five years. He admitted
to the trial court that his law firm "never did move the case" until he returned to work for the
law firm after his five year hiatus. (8) Moreover, the Lessards did not file a request for a trial
setting from the trial court until March 14, 1999. (9) The Lessards had an abundance of time
with which to prosecute their claim, yet very little prosecution occurred in this case until it
was it on the verge of being dismissed. We do not find the Lessards' justifications to be
sufficient in explaining the nine-year delay in prosecuting the case. See Ozuna, 766
S.W.2d at 902; King, 884 S.W.2d at 237; Bilnoski, 858 S.W.2d at 57; Hosey, 832 S.W.2d
at 704. We therefore conclude that the trial court did not abuse its discretion in dismissing
the Lessards' claims under its inherent authority. See MacGregor, 941 S.W.2d at 75;
Rotello, 671 S.W.2d at 509. Accordingly, we overrule the Lessards' second issue. 

B. The Trial Court's Denial of the Lessard's Motion for Reinstatement 


 In their first issue, the Lessards assert that the trial court abused its discretion in
refusing to reinstate their claims pursuant to Rule 165a of the Texas Rules of Civil
Procedure. See Tex. R. Civ. P. 165a. The Lessards argue that: (1) they were not
consciously indifferent to the trial court's orders regarding the appointment of visiting
judges; (2) they did not abuse the pretrial discovery process; (3) they showed the trial court
that they were ready for trial; (4) their claims are meritorious and they should be given an
opportunity to be heard; and (5) Velsicol did not demonstrate that it would be unfairly
prejudiced by the reinstatement of the Lessard's lawsuit. Velsicol contends that the trial
court did not abuse its discretion in denying the Lessard's motion for reinstatement
because: (1) the Lessards ignored for six years the trial court's orders to agree on a
visiting judge; and (2) the Lessards failed to provide Velsicol with discovery on a newly
alleged medical claim. Velsicol argues that the Lessard's justifications for the delays--that
the case originally involved numerous parties and the law firm representing the Lessards
had reassigned the case to various associates over the years--were not adequate to
warrant a reinstatement of the case.


 1. Standard of Review

 

 Texas Rule of Civil Procedure 165a(3) sets out the procedure for reinstating cases
dismissed for want of prosecution. See Tex. R. Civ. P. 165a(3). A trial court is compelled
to reinstate a case "upon finding after a hearing that the failure of the party or his attorney
was not intentional or the result of conscious indifference but was due to an accident or
mistake or that the failure has been otherwise reasonably explained." Id. In order to
determine whether the trial court abused its discretion in refusing reinstatement, we review
the entire record and determine whether the evidence was sufficient to find that the failure
of the party was not due to accident, mistake, or other reasonable explanation. See Tex.
Dep't of Pub. Safety v. Deck, 954 S.W.2d 108, 112 (Tex. App.-San Antonio 1997, no writ);
see also Torres v. Rios, 869 S.W.2d 555, 557 (Tex. App.-Corpus Christi 1993, no writ). 
The party requesting reinstatement has the burden to bring forth a record establishing that
reinstatement was required. Kenley v. Quintana Petroleum Corp., 931 S.W.2d 318, 321
(Tex. App.-San Antonio 1996, writ denied). 


 2. Discussion


 We have already determined that the record does not support a finding that the trial
court abused its discretion by dismissing the case. Moreover, the record supports an
implied finding that the Lessards did not prosecute this case with diligence. See Dueitt,
180 S.W.3d at 741; see also Luna v. UPS, Inc., No. 01-02-00144-CV, 2003 Tex. App.
LEXIS 465, at **8-9 (Tex. App.-Houston [1st Dist.] Jan. 9, 2003, pet. denied) (concluding
that the trial court did not abuse its discretion in dismissing appellant's claims for failing to
exercise diligence in prosecuting his claims and that the trial court did not abuse its
discretion in denying appellant's motion to reinstate because of the dismissal). Therefore,
the Lessards have failed to meet their burden to bring forth a record supporting
reinstatement. We overrule the Lessards' first issue. (10)

IV. Conclusion


 We affirm the trial court's dismissal of the Lessards' claims for want of prosecution
and its denial of the Lessards' motion to reinstate.



 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 23rd day of April, 2009.
1. The record reflects that the following parties were once part of this appeal as appellees: Savage
Pest Control; Leslie Savage Bowles, individually and as the executor of the estate of James S. Savage,
deceased; Charyle M. Merritt, Sammey Allison Merritt; the unknown heirs of James S. Savage; James S.
Savage d/b/a Savage Pest Control; Robert D. Nogueria, individually and as executor of the estate of James
S. Savage (collectively the "Savage parties"). In fact, the Savage parties jointly filed with Velsicol the motion
to dismiss for want of prosecution complained about on appeal. This Court, on June 8, 2000, issued an order
dismissing the appeal as to the Savage parties because the Savage parties and the Lessards had settled their
claims. As a result, this Court severed the Lessards' claims as to the Savage parties into a separate appellate
cause number--13-00-349-CV--and dismissed the appeal. The Lessards' remaining issues against Velsicol
remained docketed under the current appellate cause number--13-00-113-CV.
2. By signing the February 28, 1997 agreed order of referral, the trial court ostensibly denied the July
28, 1994 motion for the appointment of a visiting judge filed by Velsicol, Fruit of the Loom, and the Savage
parties.
3. The Lessards did not name Fruit of the Loom as a party in their March 13, 2000 supplemental notice
of appeal.
4. Rule 8.3(a) of the Texas Rules of Appellate Procedure provides the following:


 If a case has been suspended by a bankruptcy filing, a party may move that the appellate
court reinstate the appeal if permitted by federal law or the bankruptcy court. If the
bankruptcy court has lifted or terminated the stay, a certified copy of the order must be
attached to the motion.


Tex. R. App. P. 8.3(a). In the instant case, the Lessards included a copy of the status report from Fruit of the
Loom's bankruptcy proceedings as compiled by the PACER Docket Service for the United States Bankruptcy
Court for the District of Delaware with their motion to reinstate their appeal. This status report is not certified,
but it does indicate that Fruit of the Loom's bankruptcy proceedings terminated on March 21, 2007, thereby
demonstrating that the automatic stay is no longer in effect. Though the status report is not certified, we find
that the Lessards substantially complied with the requirements of rule 8.3(a) of the rules of appellate
procedure. See id.; see also Tex. R. App. P. 8.3(b); MCI Sales & Serv. v. Hinton, No. 10-08-00353-CV, 2008
Tex. App. LEXIS 8200, at *1 (Tex. App.-Waco Oct. 29, 2008, pet. filed) (mem. op.) (per curiam) ("[An appeal]
may be reinstated on motion of any party showing that the stay has been lifted or modified and specifying what
action, if any, is required from this Court upon reinstatement of the appeal."); Ma-Stell, Inc. v. Anadarko E&P
Co., Nos. 10-03-00358-CV & 10-05-00204-CV, 2005 Tex. App. LEXIS 3193, at *2 n.3 (Tex. App.-Waco Apr.
27, 2005, order) (noting that rule 8.3(b) of the rules of appellate procedure provides that the appeals court may
sever and reinstate on its own initiative). 

5. Texas Rule of Judicial Administration 6(b) provides that all civil jury cases should be brought to trial
or final disposition within eighteen months from appearance date and that all civil nonjury cases should be
brought to trial or final disposition within twelve months from appearance date. Tex. R. Jud. Admin. 6(b). 
However, the supreme court "recognized that in especially complex cases or special circumstances it may
not be possible to adhere to these standards." Tex. R. Jud. Admin. 6(e).
6. Our conclusion is further supported by the fact that the Lessards were provided a copy of the actual
dismissal order, which allowed them to timely file their motion to reinstate. See Tex. R. Civ. P. 165a(3)
(providing that a motion to reinstate must be filed within thirty days after the order of dismissal is signed or
within the period prescribed by Rule 306a); see also Harris County v. Miller, 576 S.W.2d 808, 810 (Tex. 1979)
(holding that either notice of the trial court's intent to dismiss or notice of the actual order of dismissal is
sufficient notice); Lowe v. U.S. Shoe Corp., 849 S.W.2d 888, 891 (Tex. App.-Houston [14th Dist.] 1993, writ
denied) (same). 

7. As noted earlier, the trial court did amend its dismissal order to include Fruit of the Loom as a
defendant on January 31, 2000.
8. Counsel's admission is supported by the affidavit filed by Spagnoletti, where he blamed the delay
on the complexity of the case (involving multiple plaintiffs and defendants) and the fact that the case had been
handled by several associates at the law firm.
9. The Lessards renewed their request for a trial setting at the November 17, 1999 hearing and in their
motion to reinstate.
10. We note that the record reflects that the trial court conducted a hearing on Velsicol's joint motion
to dismiss rather than the Lessards' motion to reinstate. See Tex. R .Civ. P. 165a(3) (providing that a trial
court is compelled to reinstate a case "upon finding after a hearing that the failure of the party or his attorney
was not intentional or the result of conscious indifference but was due to an accident or mistake or that the
failure has been otherwise reasonably explained."). The supreme court has held that when a verified motion
to reinstate has been filed under rule 165a(3), an oral hearing is required, and a failure to hold such a hearing
requires reversal. See Thordson v. City of Houston, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam). 
However, the Lessards do not argue on appeal that they were improperly denied an oral hearing on their
motion for reinstatement and, instead, rely on the evidence presented at the trial court's November 17, 1999
hearing on Velsicol's joint motion to dismiss. Furthermore, the Lessards, in their verified motion to reinstate,
did not request a hearing on the motion. See Keough v. Cyrus U.S.A., Inc., 204 S.W.3d 1, 6 n.3 (Tex.
App.-Houston [14th Dist.] 2006, pet. denied) (noting that before trial court error can be found in the failure to
set a hearing on a motion to reinstate, the movant must request a hearing); Cabrera v. Cedarapids, Inc., 834
S.W.2d 615, 618 (Tex. App.-Houston [14th Dist.] 1992, writ denied) (same); but see Matheson v. Am.
Carbonics, 867 S.W.2d 146, 147-48 (Tex. App.-Texarkana 1993, no writ) ("[T]he court is required to conduct
a hearing on a timely filed motion to reinstate. Whether or not the movant requests a hearing on a motion to
reinstate is irrelevant; a hearing is required unless waived.") (internal citations omitted). Moreover, the trial
court, by providing the Lessards notice of and an opportunity to be heard at the November 17, 1999 hearing,
afforded the Lessards with due process and, therefore, was not required to conduct a hearing on the
Lessards' motion to reinstate. See Dueitt v. Arrowhead Lakes Prop. Owners, Inc., 180 S.W.3d 733, 740-41
(Tex. App.-Waco 2005, pet. denied) (concluding that the trial court's failure to conduct a hearing on
appellant's motion to reinstate was harmless error because appellants were provided due process in a prior
hearing on appellee's motion to dismiss for want of prosecution).