**Opinion issued June 11, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00636-CV

————————————

**SINHUE TEMPLOS, Appellant**

**V.**

**FORD MOTOR COMPANY, Appellee**

———

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1047461**

———

### MEMORANDUM OPINION

Appellant, Sinhue Templos, challenges the trial court's dismissal of his suit against Ford Motor Company for want of prosecution. Templos argues that the trial court erred by (1) dismissing his case for want of prosecution while it was

subject to a bankruptcy stay; (2) failing to give proper notice of its intent to dismiss for want of prosecution; and (3) failing to identify the grounds for dismissal in the notice of intent to dismiss. We affirm.

## Background

On August 2, 2010, Templos sued Ford Motor Company for injuries Templos alleged were caused by the failure of his airbags to deploy in a car accident. On July 5, 2011, Templos filed for bankruptcy. Six months later, on December 20, 2011, Templos filed a Suggestion of Bankruptcy in the trial court. This happened to be the same day the bankruptcy court denied confirmation of Templos's Chapter 13 bankruptcy plan and dismissed Templos's bankruptcy proceeding. Ford notified Templos of the dismissal of Templos's bankruptcy proceeding on December 23, 2011 via email.

Five days later, on December 28, 2011, the trial court sent all counsel in Templos's case a Notice of Intent to Dismiss (First Notice of Intent to Dismiss). The First Notice of Intent to Dismiss stated that "[to] avoid unnecessary delay, claims against the bankrupt party will be dismissed for want of prosecution unless" certain actions are taken, including filing "a verified motion to retain stating why the above actions are impractical and stating a good cause to retain the case." Templos filed a motion to retain on February 20, 2012. Three days later, on February 23, 2012, the trial court entered an order retaining the case for sixty days

2

and sent another notice of intent to dismiss the lawsuit (Second Notice of Intent to Dismiss), which contained identical language as the First Notice of Intent to Dismiss and required a verified motion to retain to be filed by April 23, 2012, in order to avoid dismissal for want of prosecution. Templos did not respond to the Second Notice of Intent to Dismiss. On May 25, 2012, the trial court dismissed Templos's lawsuit against Ford for want of prosecution. Following the dismissal, Templos filed a motion to reinstate the case, which was denied by the trial court after a hearing. Templos appeals.

### Discussion

Templos challenges the trial court's dismissal on three grounds. First, he argues the trial court erred by dismissing the case while it was subject to the bankruptcy stay. Second, Templos contends the trial court failed to give him proper notice of the court's intent to dismiss for want of prosecution in violation of his right to due process. Finally, he argues that the trial court erred by failing to identify the grounds for dismissal in the notice of intent to dismiss.

### A.     Standard of Review and Applicable Law

This court reviews a dismissal for want of prosecution for an abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Coleman v. Lynaugh*, 934 S.W.2d 837, 838 (Tex. App.—Houston [1st Dist.] 1996, no writ). The trial court's authority to dismiss for want of prosecution stems from two

3

sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss under the rules of civil procedure based on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(1), (2); *Villarreal*, 994 S.W.2d at 630.

In addition, the common law vests the trial court with the inherent power to dismiss, independent of the rules of civil procedure, when a plaintiff fails to prosecute his or her case with due diligence. *See Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980) ("The power of the courts to move their dockets existed at common law and independently of statutes and rules of procedure."); *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) (holding that court has inherent power to dismiss suit for failure to prosecute it with due diligence even without statutory or rule authority). Therefore, even without statutory authority, a court has the right to dismiss a suit for failure to prosecute it with due diligence. *Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957).

Due process requires that adequate notice be given before the trial court enters an order dismissing a lawsuit for want of prosecution. *Donnell v. Spring Sports, Inc.*, 920 S.W.2d 378, 386 (Tex. App.—Houston [1st Dist.] 1996, writ

4

denied). A party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or the court's inherent authority. *Villarreal*, 994 S.W.2d at 630. However, the Texas Supreme Court has held that either notice of the trial court's intent to dismiss or notice of the actual order of dismissal is sufficient to satisfy the appellant's due process rights. *See Harris Cnty. v. Miller*, 576 S.W.2d 808, 810 (Tex. 1979). Furthermore, "the courts of appeal are in agreement that a post-dismissal hearing obviates any due process concerns." *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 403 (Tex. App.—Dallas 2001, pet. denied); *see also Montgomery Ward & Co. v. Denton Cnty. Appraisal Dist.*, 13 S.W.3d 828, 830–31 (Tex. App.—Fort Worth 2000, pet. denied) (holding that where dismissal for want of prosecution is challenged on due process grounds, notice may consist of either notice of trial court's intent to dismiss or notice of actual order of dismissal); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet) (holding that appellant was afforded due process, even though he did not receive notice of trial court's intent to dismiss case for want of prosecution, because he received actual notice of dismissal order in time to file motion to reinstate and hearing was held on such motion).

The Rules of Civil Procedure provide a mechanism by which a party whose case is dismissed for want of prosecution may seek reinstatement. *See* TEX. R. CIV.

P. 165a(3). The motion to reinstate "shall set forth the grounds therefor and be verified by the movant or his attorney." *Id.* Rule 165a provides: "The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.*; *see also Nawas v. R & S Vending*, 920 S.W.2d 734, 738 (Tex. App.—Houston [1st Dist.] 1996, no writ) (citing *Brown v. Howeth Invs., Inc.*, 820 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.] 1991, writ denied)). "The party requesting reinstatement has the burden to bring forth a record establishing that reinstatement was required*." Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied) (citing *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 845 (Tex. App.—San Antonio 1989, writ denied)).

## C. Analysis

### 1. *Applicability of Automatic Stay*

Templos filed for Chapter 13 Bankruptcy on July 5, 2011, after he brought this action against Ford, and contended in his December 20, 2011 Suggestion of Bankruptcy that his bankruptcy filing automatically stayed the proceedings in the trial court. Templos argues that the trial court erred by dismissing his case for want of prosecution while the case was subject to the automatic bankruptcy stay.

6

"When a defendant files a bankruptcy petition, an automatic stay goes into effect and abates any judicial proceeding against that party." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000). The automatic stay provision in the bankruptcy code forbids "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the [bankruptcy case]." 11 U.S.C. § 362(a)(1). However, the automatic stay is only applicable to claims against the debtor. *See Montgomery Ward*, 13 S.W.3d at 829–30 (citing *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (5th Cir. 1993)). Here, Templos, the debtor, was a plaintiff, and there were no claims against him. Templos's claims against Ford, therefore, were not subject to the automatic stay. *See Montgomery Ward*, 13 S.W.3d at 829–30.

2. *Failure to Give Proper Notice and Identify Grounds for Dismissal*

Templos next argues that the trial court failed to provide him with proper notice of the court's intent to dismiss the case for want of prosecution, in violation of his due process rights. Templos alleges that the notices were improper because they state that, unless specified action is taken, the "claims against the bankrupt party will be dismissed for want of prosecution." Templos correctly notes that the notices do not mention that claims of the bankrupt party—Templos's claims

against Ford—would be dismissed unless Templos took further action. Templos also argues that the notices were constitutionally defective because the trial court was required to state the specific reason for dismissal, but failed to do so.

Templos's arguments that the notices violated his due process rights do not comport with his arguments in the trial court. Templos did not raise these due-process arguments before the trial court in either his motion to retain or in his motion to reinstate. His motion to retain, filed on February 20, 2012, said that he "is currently awaiting reinstatement of his Chapter 13 plan" and "desires to pursue this cause of action and a disposition of this cause of action will occur within a reasonable length of time; therefore, [he] requests the Court to remove the case from the dismissal docket." In his motion to reinstate, filed on June 7, 2012, Templos wrote:

> Plaintiff's counsel was unaware that the bankruptcy had been dismissed or he would have moved forward with this case. The Plaintiff's counsel has a reputation for preparing his cases and moving them to trial in a timely manner and if Plaintiff's counsel would have received notice from the Plaintiff's bankruptcy attorney this case would have moved forward to trial in a timely manner. Plaintiff and counsel are willing to go forward with the trial of this cause at the Court's discretion.

Finally, in his reply to Ford's response to his motion to reinstate, Templos stated that the trial court had concurrent jurisdiction to determine the applicability of the bankruptcy stay and, by suspending all action in this case, "it can be inferred that this court took the position that the bankruptcy stay applied to all parties and thus

8

should be reinstated." Because he did not raise a due process objection in the trial court, Templos has failed to preserve these issues for appellate review. *See* TEX. R. APP. P. 33.1 (in order to preserve complaint for appellate review, record must show that appellant made complaint to trial court and stated grounds for ruling with sufficient specificity that trial court was made aware of complaint); *see also Nivens v. City of League City*, 245 S.W.3d 470, 475 n.6 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (finding that taxpayers failed to preserve their argument that trial court violated their due process rights by granting the City's plea to the jurisdiction where taxpayers did not raise issue before trial court); *In re Baby Boy R.*, 191 S.W.3d 916, 921 (Tex. App.—Dallas 2006, pet. denied) (constitutional claims must be raised below or they are not preserved for appellate review).

In any event, notice of *either* the trial court's intent to dismiss *or* the actual order of dismissal is sufficient to satisfy the appellant's due process rights. *See Miller*, 576 S.W.2d at 810; *see also Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("[A] trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion."). Here, Templos received notice of the trial court's order of dismissal and timely filed a motion to reinstate. Furthermore, the record indicates that the trial court held a hearing on Templos's

9

motion to reinstate. We conclude that there was no violation of his right to due process because Templos was provided notice of the trial court's order of dismissal and given the opportunity to be heard on his motion to reinstate. [1] *See Miller*, 576 S.W.2d at 810; *Keough*, 204 S.W.3d at 5.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

---

[1] Templos does not challenge the trial court's denial of his motion to reinstate on the basis that he established that his conduct was not intentional or the result of conscious indifference. Even if he did, reversal would not be warranted because Templos has not provided a reporter's record of the hearing or otherwise shown that the trial court abused its discretion by refusing to reinstate the case. *See Kenley*, 931 S.W.2d at 321 (party requesting reinstatement has burden to bring forth record establishing that reinstatement is required); *see also Keough*, 204 S.W.3d at 3–4 (movant for reinstatement bears burden to produce evidence supporting the motion).